IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T[1]

(Judge George W. Miller)

CENCAST SERVICES, L.P. ET AL,

Plaintiffs

v.

THE UNITED STATES,

Defendant

AMENDED ANSWER AND COUNTERCLAIM IN NO. 02-1916 T

Defendant, the United States, through its attorneys, in answer to the complaint in Fed. Cl. No. 02-1916 T, and for its counterclaim, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits that the first and second sentences of paragraph 1 of the complaint set forth plaintiff's characterization of its cause of action, but denies that any amount is due from defendant to plaintiff. Admits that plaintiff filed a claim for refund for an alleged overpayment of FUTA taxes on April 22, 2002, with respect to its calendar year 1992 and admits that a copy of that claim is attached to the complaint. Admits that the alleged claim for refund has been

[1]By order dated January 7, 2003, proceedings in these related cases were consolidated. In Fed. Cl. No. 02-1916 T, the plaintiff is Cencast Services, L.P.

disallowed.

2. States that jurisdiction, if it exists, is founded upon 28 U.S.C. § 1491.

3-4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the complaint.

5. Admits that plaintiff's employer identification number is 95-4339401 and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Admits that paragraph 7 of the complaint sets forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff.

8. Admits the allegations set forth in paragraph 8 of the complaint, except denies that the alleged return was timely filed.

9. Admits that the amount of taxes assessed per the alleged return was paid no later than February 1, 1993.

10-11. Admits the allegations set forth in paragraphs 10-11 of the complaint.

12. Admits the allegations set forth in paragraph 12 of the complaint, except states that the alleged payment was made on November 14, 2001.

13. Admits the allegations set forth in paragraph 13 of the complaint, except states that the claim for refund was filed on April 22, 2002.

14. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

COUNT ONE

15. Incorporates its responses to paragraphs 1 through 14 of the complaint as if more fully set forth at length.

16-19. Denies the allegations set forth in paragraphs l6-19 of the complaint.

20. Admits the allegations set forth in the first sentence of paragraph 20 of the complaint and states that the remaining allegations set forth in paragraph 20 are legal argument to which no response is required.

21-22. States that the allegations set forth in paragraphs 21-22 are legal argument to which no response is required.

23. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 12 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; admits that plaintiff has paid an amount equal to the FUTA taxes and additions thereto assessed with respect to those two employees for 1992; and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 23 of the complaint. Denies the allegations set forth in the second sentence of paragraph 23 of the complaint.

24-27. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 24-27 of the complaint.

FIRST AFFIRMATIVE DEFENSE

28. States that plaintiff is estopped from contending that the statute of limitations barred the IRS from making the assessments described in plaintiff's complaint and referenced above.

SECOND AFFIRMATIVE DEFENSE

29. States that plaintiff ratified the consents executed with respect to the extensions of the statute of limitations for the assessments described in plaintiff's complaint and referenced above, with the result that the assessments were made within the appropriate statute of limitations.

COUNTERCLAIM

30. This counterclaim is brought at the request and authorization of the Chief Counsel of the Internal Revenue Service (as the delegate of the Secretary of the Treasury) and under the direction of the Chief of the Court of Federal Claims Section (as the delegate of the Attorney General) pursuant to the provisions of § 7401 of the Internal Revenue Code of 1986.

COUNT I

31. On July 23, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $94,935.70 for calendar year 1992.

32. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 31, above, in the amounts of $116,778.73 in accrued interest, $9,493.57 in failure to deposit penalties, and $18,987.14 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

33. Plaintiff, after application of payments and credits with respect to the assessments alleged in paragraphs 31 and 32, above, is liable to the defendant for the unpaid balances thereof in the total amount of $234,519.68, plus additions thereto of penalties and interest accruing according to law.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, and that judgment be entered against plaintiff and in favor of the defendant upon the claims specified in defendant's counterclaim in the amount of $234,519.68, plus penalties and interest thereon according to law, and for such other and further relief as is just and proper

Respectfully submitted,

s/David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-616-3366
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

s/Mary M. Abate

Of Counsel