IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T[1]

(Judge George W. Miller)

CENCAST SERVICES, L.P. ET AL,

Plaintiffs

v.

THE UNITED STATES,

Defendant

AMENDED ANSWER AND COUNTERCLAIM IN NO. 02-1918 T

Defendant, the United States, through its attorneys, in answer to the complaint in Fed. Cl. No. 02-1918 T, and for its counterclaim, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits that the first and second sentences of paragraph 1 of the complaint set forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff. Admits that plaintiff filed claims for refund for the alleged overpayments of FICA and FUTA taxes on April 22, 2002, with respect to all four quarters of 1991 (FICA) and for calendar year 1991 (FUTA) and admits that copies of those claims are

[1]By order dated January 7, 2003, proceedings in these related cases were consolidated. The plaintiff in Fed. Cl. No. 02-1918 T is DISC Acquisition Corporation.

attached to the complaint. Admits that the alleged claims for refund have been disallowed.

2. States that jurisdiction, if it exists, is founded upon 28 U.S.C. § 1491.

3-4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the complaint.

5. Admits that plaintiff s employer identification number is 95-4099288 and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth remaining allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Admits that paragraph 7 of the complaint sets forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff.

8. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Admits the allegations set forth in paragraph 9 of the complaint, except to deny that the alleged return for the quarter ending December 31, 1991, was timely filed; states that the returns for the quarters ending March 31, 1991, and June 31, 1991, were filed in the name of Donovan Casting Services Inc.; and states that the returns for the quarters ending September 30, 1991, and December 31, 1991, were filed in the name of DISC Production Services. States that the returns were filed using plaintiff's employer identification number alleged in paragraph 5 of the complaint.

10. Admits that the amounts of taxes assessed per the alleged returns were paid no later than the respective due dates thereof.

11. Admits the allegations set forth in paragraph 11 of the complaint, except to deny that

the alleged return was timely filed. States that the return was filed in the name of Disc Production Services. Further states that the return was filed using plaintiff's employer identification number alleged in paragraph 5 of the complaint.

12. Admits that the amount of taxes assessed per the alleged return was paid no later than the due date thereof.

13. Admits the allegations set forth in paragraph 13 of the complaint, except states that these allegations omit assessments of accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986 in the amounts of $23,907.90 with respect to the quarter ending June 30, 1991; $83,199.74 with respect to the quarter ending September 30, 1991; and $154,230.10 with respect to the quarter ending December 31, 1991.

14. Admits the allegations set forth in paragraph 14 of the complaint.

15. Admits the allegations set forth in paragraph 15 of the complaint, except states that the alleged payment was made on November 14, 2001.

16. Admits the allegations set forth in paragraph 16 of the complaint, except states that the alleged payment was made on February 21, 2002, and that the payment credited on that date is in the amount of $9,335.61 (see paragraph 18, below).

17. Admits the allegations set forth in paragraph 17 of the complaint, except states that the alleged payment was made on November 14, 2001.

18. Denies the allegations set forth in paragraph 18 of the complaint, and states that the payment, credited as of February 21, 2002, against plaintiff's FICA assessments for the quarter ending March 31, 1991, exceed the amount alleged in paragraph 16 of the complaint by $1,681.66 (see paragraph 16, above).

19. Admits the allegations set forth in paragraph 19 of the complaint, except states that the alleged payment was made on November 14, 2001.

20. Denies the allegations set forth in paragraph 20 of the complaint and states that a payment, credited as of November 14, 2001, in the amount of $1,982.47, was credited against plaintiff's 1991 FUTA liability (see paragraph 25, below).

21. Admits that on April 22, 2002, plaintiff filed a claim for refund with the IRS with respect to FICA taxes and for penalties and interest with respect thereto in the total amount of $29,258.18, for the four quarters of 1991.

22. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23. Admits the allegations set forth in paragraph 23 of the complaint, except states that these allegations omit an assessment of accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986 in the amounts of $663,953.73 with respect to plaintiff's FUTA liability for 1991, that the assessment amounts alleged in paragraph 23 of the complaint total $8,380,572.50, and that the additional assessments of FUTA liability and additions thereto, including the § 6662 accuracy-related penalty, total $9,044,526.23.

24. Admits the allegations set forth in paragraph 24 of the complaint.

25. Admits the allegations set forth in paragraph 25 of the complaint, except states that the alleged payment was made on November 14, 2001, and states that a further payment in the amount of $1,982.47 was credited against plaintiff's FUTA liability for 1991 on November 14, 2001.

26. Admits the allegations set forth in paragraph 26 of the complaint, except states that

the alleged claim for refund was filed on April 22, 2002.

27. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint.

COUNT ONE

28. Incorporates by reference its responses to paragraphs 1 through 27 of the complaint as if more fully set forth at length.

29-32. Denies the allegations set forth in paragraphs 29-32 of the complaint.

33. Admits the allegations set forth in the first sentence of paragraph 33 of the complaint and states that the remaining allegations set forth in paragraph 33 are legal argument to which no response is required.

34-35. States that the allegations set forth in paragraphs 34-35 are legal argument to which no response is required.

36. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraphs 15 and 16 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 36 of the complaint. Denies the allegations set forth in the second sentence of paragraph 36 of the complaint.

37-39. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 37-39 of the complaint.

COUNT TWO

40. Incorporates by reference its responses to paragraphs 1 through 39 of the complaint as if more fully set forth at length.

41-44. Denies the allegations set forth in paragraphs 41-44 of the complaint.

45. Admits the allegations set forth in the first sentence of paragraph 45 of the complaint and states that the remaining allegations set forth in paragraph 45 are legal argument to which no response is required.

46-47. States that the allegations set forth in paragraphs 46-47 are legal argument to which no response is required.

48. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraphs 17 and 18 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 48 of the complaint. Denies the allegations set forth in the second sentence of paragraph 48 of the complaint.

49-51. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 49-51 of the complaint.

COUNT THREE

52. Incorporates by reference its responses to paragraphs 1 through 51 of the complaint as if more fully set forth at length.

53-56. Denies the allegations set forth in paragraphs 53-56 of the complaint.

57. Admits the allegations set forth in the first sentence of paragraph 57 of the complaint and states that the remaining allegations set forth in paragraph 57 are legal argument to which no response is required.

58-59. States that the allegations set forth in paragraphs 58-59 are legal argument to which no response is required.

60. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 19 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 60 of the complaint. Denies the allegations set forth in the second sentence of paragraph 60 of the complaint.

61-63. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 61-63 of the complaint.

COUNT FOUR

64. Incorporates by reference its responses to paragraphs 1 through 63 of the complaint as if more fully set forth at length.

65-68. Denies the allegations set forth in paragraphs 65-68 of the complaint.

69. Admits the allegations set forth in the first sentence of paragraph 69 of the complaint and states that the remaining allegations set forth in paragraph 69 are legal argument to which no response is required.

70-71. States that the allegations set forth in paragraphs 70-71 are legal argument to

which no response is required.

72. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 20 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 72 of the complaint. Denies the allegations set forth in the second sentence of paragraph 72 of the complaint.

73-75. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 73-75 of the complaint.

COUNT FIVE

76. Incorporates by reference its responses to paragraphs 1 through 75 of the complaint as if more fully set forth at length.

77-80. Denies the allegations set forth in paragraphs 77-80 of the complaint.

81. Admits the allegations set forth in the first sentence of paragraph 81 of the complaint and states that the remaining allegations set forth in paragraph 81 are legal argument to which no response is required.

82-83. States that the allegations set forth in paragraphs 82-83 are legal argument to which no response is required.

84. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 25 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 84 of the complaint. Denies the allegations set forth in the second sentence of paragraph 84 of the complaint.

85-88. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 85-88 of the complaint.

FIRST AFFIRMATIVE DEFENSE

89. States that plaintiff is estopped from contending that the statute of limitations barred the IRS from making the assessments described in plaintiff's complaint and referenced above.

SECOND AFFIRMATIVE DEFENSE

90. States that plaintiff ratified the consents executed with respect to the extensions of the statute of limitations for the assessments described in plaintiff's complaint and referenced above, with the result that the assessments were made within the appropriate statute of limitations.

COUNTERCLAIM

91. This counterclaim is brought at the request and authorization of the Chief Counsel of the Internal Revenue Service (as the delegate of the Secretary of the Treasury) and under the direction of the Chief of the Court of Federal Claims Section (as the delegate of the Attorney General) pursuant to the provisions of § 7401 of the Internal Revenue Code of 1986.

COUNT I

92. On July 16, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $74,450.05 with respect to the quarter ending March 31, 1991.

93. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 92, above, in the amounts of $121,212.26 in accrued interest, $7,445.01 in failure to deposit penalties, and $14,890.01 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

94. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 92 and 93, above, is liable to the defendant for the unpaid balances thereof in the total amount of $203,227.26, plus additions thereto of penalties and interest accruing according to law.

COUNT II

95. On July 16, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $119,539.49 with respect to the quarter ending June 30, 1991.

96. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 95, above, in the amounts of $186,208.77 in accrued interest, $11,953.95 in failure to deposit penalties, and $23,907.90 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

97. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 95 and 96, above, is liable to the defendant for the unpaid balances thereof in the total amount of $340,759.67, plus additions thereto of penalties and interest accruing according to law.

COUNT III

98. On July 16, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $415,998.70 with respect to the quarter ending September 30, 1991.

99. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 98, above, in the amounts of $619,457.90 in accrued interest, $41,599.87 in failure to deposit penalties, and $83,199.74 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

100. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 98 and 99, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,148,601.01, plus additions thereto of penalties and interest accruing according to law.

COUNT IV

101. On July 16, 2001, the IRS assessed FICA taxes against plaintiff in the amount $771,150.53 with respect to the quarter ending December 30, 1991.

102. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 101, above, in the amounts of $1,098,461.28 in accrued interest, $77,115.05 in failure to deposit penalties, and $154,230.10 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

103. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 101 and 102, above, is liable to the defendant for the unpaid balances thereof in the total amount of $2,100,956.96, plus additions thereto of penalties and interest accruing according to law.

COUNT V

104. On July 16, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $3,319,768.67 with respect to calendar year 1991.

105. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 104, above, in the amounts of $4,728,826.96 in accrued interest, $331,976.87 in failure to deposit penalties, and $663,953.73 in penalties under § 6662 of the Internal Revenue Code of 1986.

106. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 104 and 105, above, is liable to the defendant for the unpaid balances thereof in the total amount of $9,026,451.84, plus additions thereto of penalties accruing according to law.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice and that judgment be entered against plaintiff and in favor of the defendant, upon the claims specified in its counterclaim, in the total amount of $12,819,996.74, plus penalties and interest thereon according to law, and for such other and further relief as is just and proper.

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-616-3366
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

s/Mary M. Abate
Of Counsel