IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T[1]

(Judge George W. Miller)

CENCAST SERVICES, L.P. ET AL,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

AMENDED ANSWER AND COUNTERCLAIM IN NO. 02-1921 T

---

Defendant, the United States, by its attorneys, in answer to the complaint in Fed. Cl. No. 02-1921 T, and for its counterclaim, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits that the first and second sentences of paragraph 1 of the complaint set forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff. Admits that plaintiff filed claims for refund for the alleged FICA and FUTA taxes on April 22, 2002, with respect to all four quarters of 1992, all four quarters of 1993, the second, third, and fourth quarters of 1994, all four quarters of 1995, and all four

[1]By order dated January 7, 2003, proceedings in these related cases were consolidated. The plaintiff in Fed. Cl. No. 02-1921 T is EP Management Services, L.P.

quarters of 1996 (FICA) and for calendar years 1992, 1993, 1994, 1995, and 1996 (FUTA) and admits that copies of the FICA claims are attached to the complaint as exhibits A - E thereto and that copies of the FUTA claims for 1993, 1994, and 1996 are attached to the complaint as exhibits G, H, and J thereto. Admits that the alleged claims for refund have been disallowed. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the complaint.

2. States that jurisdiction, if it exists, is founded upon 28 U.S.C. § 1491.

3-4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the complaint.

5. Admits that plaintiff's employer identification number is 95-4339428 and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Admits that paragraph 7 of the complaint sets forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff.

8. Admits the allegations set forth in paragraph 8 of the complaint, except denies that the returns, other than the FICA returns for the first, second, and third quarters of 1992, the second and third quarters of 1995, and the second and third quarters of 1996, were timely filed.

9. Admits that the amounts of taxes assessed per the alleged returns were paid.

10. Admits the allegations set forth in paragraph 10 of the complaint, except denies that the returns were timely filed.

11. Admits that the amounts of taxes assessed per the alleged returns were paid.

12. Admits the allegations set forth in paragraph 12 of the complaint, except denies that the alleged assessments include all assessments of additions to tax that have been made with respect to the alleged assessments of tax, and states that the alleged amounts of assessments of interest for the first quarter of 1993, fourth quarter of 1993, fourth quarter of 1995, and fourth quarter of 1996 consist of assessments of interest and reversals of overpayment interest.

13. Admits the allegations set forth in paragraph 13 of the complaint.

14. Admits the allegations set forth in paragraph 14 of the complaint, except states that the alleged payment was made on November 14, 2001, and exceeded the amount alleged.

15. Admits the allegations set forth in paragraph 15 of the complaint, except states that the alleged payment was made on February 21, 2002.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Admits the allegations set forth in paragraph 17 of the complaint, except states that the payment was made on February 21, 2002.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. Admits the allegations set forth in paragraph 19 of the complaint, except states that the payment was made on February 21, 2002.

20. Denies the allegations set forth in paragraph 20 of the complaint, but states that on November 14, 2001, overpayments credits from other taxable periods, in the total amount of $11,905.86, were applied with respect to plaintiff's FICA liability account for the quarter ending December 31, 1992.

21. Admits the allegations set forth in paragraph 21 of the complaint, except states the alleged payment was made on November 14, 2001, and exceeded the amount alleged.

22-27. Denies the allegations set forth in paragraphs 22-27 of the complaint.

28-35. Admits the allegations set forth in paragraphs 28-35 of the complaint, except states that the alleged payments were made on November 14, 2001.

36. Admits that during 2002 plaintiff filed claims for refund with respect to the alleged FICA liabilities.

37. Admits that the alleged claims for refund have been disallowed.

38-39. Admits the allegations set forth in paragraphs 38-39 of the complaint.

40-44. Admits the allegations set forth in paragraphs 40-44 of the complaint, except states that the alleged payments were made on November 14, 2001.

45. Admits that during 2002 plaintiff filed claims for refund with respect to the alleged FUTA liabilities.

46. Admits that the alleged claims for refund have been disallowed.

COUNT ONE

47. Incorporates by reference its responses to paragraphs 1 through 46 of the complaint as if more fully set forth at length.

48-51. Denies the allegations set forth in paragraphs 48-51 of the complaint.

52. Admits the allegations set forth in the first sentence of paragraph 52 of the complaint and states that the remaining allegations set forth in paragraph 52 are legal argument to which no response is required.

53-54. States that the allegations set forth in paragraphs 53-54 are legal argument to which no response is required.

55. Admits that plaintiff controlled the payment of wages, within the meaning of

§ 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 14 and 15 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 55 of the complaint. Denies the allegations set forth in the second sentence of paragraph 55 of the complaint.

56-58. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 56-58 of the complaint.

COUNT TWO

59. Incorporates by reference its responses to paragraphs 1 through 58 of the complaint as if more fully set forth at length.

60-63. Denies the allegations set forth in paragraphs 60-63 of the complaint.

64. Admits the allegations set forth in the first sentence of paragraph 64 of the complaint and states that the remaining allegations set forth in paragraph 64 are legal argument to which no response is required.

65-66. States that the allegations set forth in paragraphs 65-66 are legal argument to which no response is required.

67. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 16 and 17 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first

sentence of paragraph 67 of the complaint. Denies the allegations set forth in the second sentence of paragraph 67 of the complaint.

68-70. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 68-70 of the complaint.

COUNT THREE

71. Incorporates by reference its responses to paragraphs 1 through 70 of the complaint as if more fully set forth at length.

72-75. Denies the allegations set forth in paragraphs 72-75 of the complaint.

76. Admits the allegations set forth in the first sentence of paragraph 76 of the complaint and states that the remaining allegations set forth in paragraph 76 are legal argument to which no response is required.

77-78. States that the allegations set forth in paragraphs 77-78 are legal argument to which no response is required.

79. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 18 and 19 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 79 of the complaint. Denies the allegations set forth in the second sentence of paragraph 79 of the complaint.

80-82. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 80-82 of the complaint.

COUNT FOUR

83. Incorporates by reference its responses to paragraphs 1 through 82 of the complaint as if more fully set forth at length.

84-87. Denies the allegations set forth in paragraphs 84-87 of the complaint.

88. Admits the allegations set forth in the first sentence of paragraph 88 of the complaint and states that the remaining allegations set forth in paragraph 88 are legal argument to which no response is required.

89-90. States that the allegations set forth in paragraphs 89-90 are legal argument to which no response is required.

91. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 20 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 91 of the complaint. Denies the allegations set forth in the second sentence of paragraph 91 of the complaint.

92-94. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 92-94 of the complaint.

COUNT FIVE

95. Incorporates by reference its responses to paragraphs 1 through 94 of the complaint as if more fully set forth at length.

96-99. Denies the allegations set forth in paragraphs 96-99 of the complaint.

100. Admits the allegations set forth in the first sentence of paragraph 100 of the complaint and states that the remaining allegations set forth in paragraph 100 are legal argument to which no response is required.

101-102. States that the allegations set forth in paragraphs 101-102 are legal argument to which no response is required.

103. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employee identified in paragraph 21 of the complaint, but denies that plaintiff was the common-law employer of that employee in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 103 of the complaint. Denies the allegations set forth in the second sentence of paragraph 103 of the complaint.

104-106. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 104-106 of the complaint.

COUNT SIX

107. Incorporates by reference its responses to paragraphs 1 through 106 of the complaint as if more fully set forth at length.

108-111. Denies the allegations set forth in paragraphs 108-111 of the complaint.

112. Admits the allegations set forth in the first sentence of paragraph 112 of the complaint and states that the remaining allegations set forth in paragraph 112 are legal argument to which no response is required.

113-114. States that the allegations set forth in paragraphs 113-114 are legal argument to

which no response is required.

115. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 22 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 115 of the complaint. Denies the allegations set forth in the second sentence of paragraph 115 of the complaint.

116-118. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 116-118 of the complaint.

COUNT SEVEN

119. Incorporates by reference its responses to paragraphs 1 through 118 of the complaint as if more fully set forth at length.

120-123. Denies the allegations set forth in paragraphs 120-123 of the complaint.

124. Admits the allegations set forth in the first sentence of paragraph 124 of the complaint and states that the remaining allegations set forth in paragraph 124 are legal argument to which no response is required.

125-126. States that the allegations set forth in paragraphs 125-126 are legal argument to which no response is required.

127. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 23 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 127 of the complaint. Denies the allegations set forth in the second sentence of paragraph 127 of the complaint.

128-130. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 128-130 of the complaint.

COUNT EIGHT

131. Incorporates by reference its responses to paragraphs 1 through 130 of the complaint as if more fully set forth at length.

132-135. Denies the allegations set forth in paragraphs 132-135 of the complaint.

136. Admits the allegations set forth in the first sentence of paragraph 136 of the complaint and states that the remaining allegations set forth in paragraph 136 are legal argument to which no response is required.

137-138. States that the allegations set forth in paragraphs 137-138 are legal argument to which no response is required.

139. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 24 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 139 of the complaint. Denies the allegations set forth in the second sentence of paragraph 139 of the complaint.

140-142. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 140-142 of the complaint.

COUNT NINE

143. Incorporates by reference its responses to paragraphs 1 through 142 of the complaint as if more fully set forth at length.

144-147. Denies the allegations set forth in paragraphs 144-147 of the complaint.

148. Admits the allegations set forth in the first sentence of paragraph 148 of the complaint and states that the remaining allegations set forth in paragraph 148 are legal argument to which no response is required.

149-150. States that the allegations set forth in paragraphs 149-150 are legal argument to which no response is required.

151. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 25 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 151 of the complaint. Denies the allegations set forth in the second sentence of paragraph 151 of the complaint.

152-154. States that defendant currently lacks knowledge or information sufficicient belief as to the truth of the allegations set forth in paragraphs 152-154 of the complaint.

COUNT TEN

155. Incorporates by reference its responses to paragraphs 1 through 154 of the complaint as if more fully set forth at length.

156-159. Denies the allegations set forth in paragraphs 156-159 of the complaint.

160. Admits the allegations set forth in the first sentence of paragraph 160 of the complaint and states that the remaining allegations set forth in paragraph 160 are legal argument to which no response is required.

161-162. States that the allegations set forth in paragraphs 161-162 are legal argument to which no response is required.

163. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 26 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 163 of the complaint. Denies the allegations set forth in the second sentence of paragraph 163 of the complaint.

164-166. States that defendant currently lacks knowledge or information sufficicient belief as to the truth of the allegations set forth in paragraphs 164-166 of the complaint.

COUNT ELEVEN

167. Incorporates by reference its responses to paragraphs 1 through 166 of the complaint as if more fully set forth at length.

168-171. Denies the allegations set forth in paragraphs 168-171 of the complaint.

172. Admits the allegations set forth in the first sentence of paragraph 172 of the complaint and states that the remaining allegations set forth in paragraph 172 are legal argument to which no response is required.

173-174. States that the allegations set forth in paragraphs 173-174 of the complaint are legal argument to which no response is required.

175. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 27 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 175 of the complaint. Denies the allegations set forth in the second sentence of paragraph 175 of the complaint.

176-178. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 176-178 of the complaint.

COUNT TWELVE

179. Incorporates by reference its responses to paragraphs 1 through 178 of the complaint as if more fully set forth at length.

180-183. Denies the allegations set forth in paragraphs 180-183 of the complaint.

184. Admits the allegations set forth in the first sentence of paragraph 184 of the complaint and states that the remaining allegations set forth in paragraph 184 are legal argument to which no response is required.

185-186. States that the allegations set forth in paragraphs 185-186 of the complaint are

legal argument to which no response is required.

187. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 28 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 187 of the complaint. Denies the allegations set forth in the second sentence of paragraph 187 of the complaint.

188-190. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 188-190 of the complaint.

COUNT THIRTEEN

191. Incorporates by reference its responses to paragraphs 1 through 190 of the complaint as if more fully set forth at length.

192-195. Denies the allegations set forth in paragraphs 192-195 of the complaint.

196. Admits the allegations set forth in the first sentence of paragraph 196 of the complaint and states that the remaining allegations set forth in paragraph 196 are legal argument to which no response is required.

197-198. States that the allegations set forth in paragraphs 197-198 are legal argument to which no response is required.

199. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 29 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 199 of the complaint. Denies the allegations set forth in the second sentence of paragraph 199 of the complaint.

200-202. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 200-202 of the complaint.

COUNT FOURTEEN

203. Incorporates by reference its responses to paragraphs 1 through 202 of the complaint as if more fully set forth at length.

204-207. Denies the allegations set forth in paragraphs 204-207 of the complaint.

208. Admits the allegations set forth in the first sentence of paragraph 208 of the complaint, and states that the remaining allegations set forth in paragraph 208 are legal argument to which no response is required.

209-210. States that the allegations set forth in paragraphs 209-210 are legal argument to which no response is required.

211. Admits that plaintiff controlled the payment of wages, within the meaning § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 30 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 211 of the complaint. Denies the allegations set forth in the second sentence of paragraph 211 of the complaint.

212-214. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 212-214 of the complaint.

COUNT FIFTEEN

215. Incorporates by reference its responses to paragraphs 1 through 214 of the complaint as if more fully set forth at length.

216-219. Denies the allegations set forth in paragraphs 216-219 of the complaint.

220. Admits the allegations set forth in the first sentence of paragraph 220 of the complaint and states that the remaining allegations set forth in paragraph 220 are legal argument to which no response is required.

221-222. States that the allegations set forth in paragraphs 221-222 are legal argument to which no response is required.

223. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 31 of the complaint, but denies that plaintiff was the common-law employer of those employee in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in the first sentence of paragraph 223 of the complaint. Denies the allegations set forth in the second sentence of paragraph 223 of the complaint.

224-226. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 224-226 of the complaint.

COUNT SIXTEEN

227. Incorporates by reference its responses to paragraphs 1 through 226 of the

complaint as if more fully set forth at length.

228-231. Denies the allegations set forth in paragraphs 228-231 of the complaint.

232. Admits the allegations set forth in the first sentence of paragraph 232 of the complaint, and states that the remaining allegations set forth in paragraph 232 are legal argument to which no response is required.

233-234. States that the allegations set forth in paragraphs 233-234 are legal argument to which no response is required.

235. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragarph 32 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 235 of the complaint. Denies the allegations set forth in the second sentence of paragraph 235 of the complaint.

236-238. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 236-238 of the complaint.

COUNT SEVENTEEN

239. Incorporates by reference its responses to paragraphs 1 through 238 of the complaint as if more fully set forth at length.

240-243. Denies the allegations set forth in paragraphs 240-243 of the complaint.

244. Admits the allegations set forth in the first sentence of paragraph 244 of the complaint and states that the remaining allegations set forth in paragraph 244 are legal argument

to which no response is required.

245-246. States that the allegations set forth in paragraphs 245-246 are legal argument to which no response is required.

247. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 33 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 247 of the complaint. Denies the allegations set forth in the second sentence of paragraph 247 of the complaint.

248-250. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 248-250 of the complaint.

COUNT EIGHTEEN

251. Incorporates by reference its responses to paragraphs 1 through 250 of the complaint as if more fully set forth at length.

252-255. Denies the allegations set forth in paragraphs 252-255 of the complaint.

256. Admits the allegations set forth in the first sentence of paragraph 256 of the complaint and states that the remaining allegations set forth in paragraph 256 are legal argument to which no response is required.

257-258. States that the allegations set forth in paragraphs 257-258 are legal argument to which no response is required.

259. Admits that plaintiff controlled the payment of wages, within the meaning of

§ 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 34 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 259 of the complaint. Denies the allegations set forth in the second sentence of paragraph 259 of the complaint.

260-262. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 260-262 of the complaint.

COUNT NINETEEN

263. Incorporates by reference its responses to paragraphs 1 through 262 of the complaint as if more fully set forth at length.

264-267. Denies the allegations set forth in paragraphs 264-267 of the complaint.

268. Admits the allegations set forth in the first sentence of paragraph 268 of the complaint and states that the remaining allegations set forth in paragraph 268 are legal argument to which no response is required.

269-270. States that the allegations set forth in paragraphs 269-270 are legal argument to which no response is required.

271. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 35 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of

paragraph 271 of the complaint. Denies the allegations set forth in the second sentence of paragraph 271 of the complaint.

272-274. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 272-274 of the complaint.

COUNT TWENTY

275. Incorporates by reference its responses to paragraphs 1 through 274 of the complaint as if more fully set forth at length.

276-279. Denies the allegations set forth in paragraphs 276-279 of the complaint.

280. Admits the allegations set forth in the first sentence of paragraph 280 and states that the remaining allegations set forth in paragraph 280 are legal argument to which no response is required.

281-282. States that the allegations set forth in paragraphs 281-282 are legal argument to which no response is required.

283. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 40 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 283 of the complaint. Denies the allegations set forth in the second sentence of paragraph 283 of the complaint.

284-287. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 284-287 of the complaint.

COUNT TWENTY-ONE

288. Incorporates by reference its responses to paragraphs 1 through 287 of the complaint as if more fully set forth at length.

289-292. Denies the allegations set forth in paragraphs 289-292 of the complaint.

293. Admits the allegations set forth in the first sentence of paragraph 293 of the complaint and states that the remaining allegations set forth in paragraph 293 are legal argument to which no response is required.

294-295. States that the allegations set forth in paragraphs 294-295 are legal argument to which no response is required.

296. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 41 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 296 of the complaint. Denies the allegations set forth in the second sentence of paragraph 296 of the complaint.

297-300. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 297-300 of the complaint.

COUNT TWENTY-TWO

301. Incorporates by reference its responses to paragraphs 1 through 300 of the complaint as if more fully set forth at length.

302-305. Denies the allegations set forth in paragraphs 302-305 of the complaint.

306. Admits the allegations set forth in the first sentence of paragraph 306 of the complaint and states that the remaining allegations set forth in paragraph 306 are legal argument to which no response is required.

307-308. States that the allegations set forth in paragraphs 307-308 are legal argument to which no response is required.

309. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 42 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 309 of the complaint. Denies the allegations set forth in the second sentence of paragraph 309 of the complaint.

310-313. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 310-313 of the complaint.

COUNT TWENTY-THREE

314. Incorporates by reference its responses to paragraphs 1 through 313 of the complaint as if more fully set forth at length.

315-318. Denies the allegations set forth in paragraphs 315-318 of the complaint.

319. Admits the allegations set forth in the first sentence of paragraph 319 of the complaint and states that the remaining allegations set forth in paragraph 319 are legal argument to which no response is required.

320-321. States that the allegations set forth in paragraphs 320-321 are legal argument to

which no response is required.

322. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 43 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 322 of the complaint. Denies the allegations set forth in the second sentence of paragraph 322 of the complaint.

323-326. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 323-326 of the complaint.

COUNT TWENTY-FOUR

327. Incorporates by reference its responses to paragraphs 1 through 326 of the complaint as if more fully set forth at length.

328-331. Denies the allegations set forth in paragraphs 328-331 of the complaint.

332. Admits the allegations set forth in the first sentence of paragraph 332 of the complaint and states that the remaining allegations set forth in paragraph 332 are legal argument to which no response is required.

333-334. States that the allegations set forth in paragraphs 333-334 are legal argument to which no response is required.

335. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 44 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 335 of the complaint. Denies the allegations set forth in the second sentence of paragraph 335 of the complaint.

336-339. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 336-339 of the complaint.

FIRST AFFIRMATIVE DEFENSE

340. States that plaintiff is estopped from contending that the statute of limitations barred the IRS from making the assessments described in plaintiff's complaint and referenced above.

SECOND AFFIRMATIVE DEFENSE

341. States that plaintiff ratified the consents executed with respect to the extensions of the statute of limitations for the assessments described in plaintiff's complaint and referenced above, with the result that the assessments were made within the appropriate statute of limitations.

COUNTERCLAIM

342. This counterclaim is brought at the request and authorization of the Chief Counsel of the Internal Revenue Service (as the delegate of the Secretary of the Treasury) and under the direction of the Chief of the Court of Federal Claims Section (as the delegate of the Attorney General) pursuant to the provisions of § 7401 of the Internal Revenue Code of 1986.

COUNT I

343. On July 16, 2001, the IRS assessed FICA taxes against plaintiff in the amount of

$153,686.91 with respect to the quarter ending March 31, 1992.

344. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 343, above, in the amounts of $210,414.61 in accrued interest, $15,368.69 in failure to deposit penalties, and $30,737.38 in accuracy-related penalties pursuant to § 6662 of the Internal Revenue Code of 1986.

345. Plaintiff, after application of payments and credits made and applied, and after other adjustments, with respect to the assessments alleged in paragraphs 343 and 344, above, is liable to the defendant for the unpaid balances thereof in the total amount of $288,323.10, plus additions thereto of penalties and interest accruing according to law.

COUNT II

346. On July 16, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $65,976.02 with respect to the quarter ending June 30, 1992.

347. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 346, above, in the amounts of $86,954.49 in accrued interest, and $6,597.60 in failure to deposit penalties. On July 31, 2001, the IRS assessed against plaintiff with respect to the FICA assessment alleged in paragraph 346, above, $13,195.20 in accuracy related penalties under § 6662 of the Internal Revenue Code of 1986. On June 17, 2002, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 346, above, in the amount of $10,561.23 in accrued interest.

348. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 346 and 347, above, is liable to the defendant for the unpaid balances thereof in the total amount of $179,067.63, plus additions thereto of penalties

and interest accruing according to law.

COUNT III

349. On July 16, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $126,141.00 with respect to the quarter ending September 30, 1992.

350. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 349, above, in the amounts of $160,191.26 in accrued interest, $12,614.10 in failure to deposit penalties, and $25,228.20 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986. On June 17, 2002, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 349, above, in the amount of $19,647.92 in accrued interest.

351. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 349 and 350, above, is liable to the defendant for the unpaid balances thereof in the total amount of $327,599.74, plus additions thereto of penalties and interest accruing according to law.

COUNT IV

352. On July 16, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $189,477.14 with respect to the quarter ending December 31, 1992.

353. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 352, above, in the amounts of $232,454.84 in accrued interest, $18,947.71 in failure to deposit penalties, and $37,895.43 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

354. Plaintiff, after application of payments and credits made and applied with respect to

the assessments alleged in paragraphs 352 and 353, above, is liable to the defendant for the unpaid balances thereof in the total amount of $466,869.26, plus additions thereto of penalties and interest accruing according to law.

COUNT V

355. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $6,188.00 with respect to the quarter ending June 30, 1993.

356. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 355, above, in the amounts of $7,098.76 in accrued interest, $618.80 in failure to deposit penalties, and $1,237.60 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

357. Plaintiff, with respect to the assessments alleged in paragraphs 355 and 356, above, is liable to the defendant for the unpaid balances thereof in the total amount of $15,143.16, plus additions thereto of penalties and interest accruing according to law.

COUNT VI

358. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $66,410.80 with respect to the quarter ending September 30, 1993.

359. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 358, above, in the amounts of $73,459.48 in accrued interest, $6,641.08 in failure to deposit penalties, and $13,282.16 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

360. Plaintiff, with respect to the assessments alleged in paragraphs 358 and 359, above, is liable to the defendant for the unpaid balances thereof in the total amount of $159,793.52, plus

additions thereto of penalties and interest accruing according to law.

COUNT VII

361. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $111,799.32 with respect to the quarter ending December 31, 1993.

362. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 361, above, in the amounts of $119,218.88 in accrued interest, $11,197.93 in failure to deposit penalties, and $22,395.86 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986. Further, previous allowances of interest due taxpayer in the total amount of $96.84 were reversed.

363. Plaintiff, with respect to the assessments alleged in paragraphs 361 and 362, above, is liable to the defendant for the unpaid balances thereof in the total amount of $264,888.83, plus additions thereto of penalties and interest accruing according to law.

COUNT VIII

364. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $3,775.36 with respect to the quarter ending June 30, 1994.

365. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 364, above, in the amounts of $3,724.97 in accrued interest, $377.54 in failure to deposit penalties, and $755.07 in accuracy-related penalties under § 6662 Internal Revenue Code of 1986.

366. Plaintiff, with respect to the assessments alleged in paragraphs 364 and 365, above, is liable to the defendant for the unpaid balances thereof in the total amount of $8,632.94, plus additions thereto of penalties and interest accruing according to law.

COUNT IX

367. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $41,969.74 with respect to the quarter ending September 30, 1994.

368. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 367, above, in the amounts of $39,501.59 in accrued interest, $4,196.97 in failure to deposit penalties, and $8,393.95 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

369. Plaintiff, with respect to the assessments alleged in paragraphs 367 and 368, above, is liable to the defendant for the unpaid balances thereof in the total amount of $94,062.25, plus additions thereto of penalties and interest accruing according to law.

COUNT X

370. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $89,242.19 with respect to the quarter ending December 31, 1994.

371. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 370, above, in the amounts of $79,708.58 in accrued interest, $8,924.22 in failure to deposit penalties, and $17,848.44 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

372. Plaintiff, with respect to the assessments alleged in paragraphs 370 and 371, above, is liable to the defendant for the unpaid balances thereof in the total amount of $195,723.43, plus additions thereto of penalties and interest accruing according to law.

COUNT XI

373. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $5,548.85 with respect to the quarter ending March 31, 1995.

374. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 373, above, in the amounts of $4,694.66 in accrued interest, $554.89 in failure to deposit penalties, and $1,109.77 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

375. Plaintiff, after application of payments and credits made and applied, and after other adjustments, with respect to the assessments alleged in paragraphs 373 and 374, above, is liable to the defendant for the unpaid balances thereof in the total amount of $10,603.62, plus additions thereto of penalties and interest accruing according to law.

COUNT XII

376. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $71,055.38 with respect to the quarter ending June 30, 1995.

377. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 376, above, in the amounts of $56,619.37 in accrued interest, $7,105,54 in failure to deposit penalties, and $14,211.08 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

378. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 376 and 377, above, is liable to the defendant for the unpaid balances thereof in the total amount of $147,360.25, plus additions thereto of penalties and interest accruing according to law.

COUNT XIII

379. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $358,514.91 with respect to the quarter ending September 30, 1995.

380. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 379, above, in the amounts of $270,561.85 in accrued interest, $35,851.49 in failure to deposit penalties, and $71,702.98 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

381. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 379 and 380, above, is liable to the defendant for the unpaid balances thereof in the total amount of $730,013.34, plus additions thereto of penalties and interest accruing according to law.

COUNT XIV

382. On July 30, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $925,646.89 with respect to the quarter ending December 31, 1995.

383. On July 30, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 382, above, in the amounts of $657,996.35 in accrued interest, $92,564.69 in failure to deposit penalties, and $185,129.37 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

384. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 382 and 383, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,857,930.62, plus additions thereto of penalties and interest accruing according to law.

COUNT XV

385. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $5,499.07 with respect to the quarter ending March 31, 1996.

386. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 385, above, in the amounts of $3,673.83 in accrued interest, $549.91 in failure to deposit penalties, and $1,099.81 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

387. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 385 and 386, above, is liable to the defendant for the unpaid balances thereof in the total amount of $8,872.90, plus additions thereto of penalties and interest accruing according to law.

COUNT XVI

388. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $92,449.89 with respect to the quarter ending June 30, 1996.

389. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 388, above, in the amounts of $58,182.70 in accrued interest, $9,244.99 in failure to deposit penalties, and $18,489.98 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

390. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 388 and 389, above, is liable to the defendant for the unpaid balances thereof in the total amount of $176,993.70, plus additions thereto of penalties and interest accruing according to law.

COUNT XVII

391. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $578,551.87 with respect to the quarter ending September 30, 1996.

392. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 391, above, in the amounts of $340,435.88 in accrued interest, $57,885.19 in failure to deposit penalties, and $115,710.37 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

393. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 391 and 392, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,090,428.87, plus additions thereto of penalties and interest accruing according to law.

COUNT XVIII

394. On July 23, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $1,346,766.41 with respect to the quarter ending December 31, 1996.

395. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 394, above, in the amounts of $737,832.37 in accrued interest, $134,676.64 in failure to deposit penalties, and $269,353.28 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986. Further, a previous allowance of interest due taxpayer in the amount of $552.44 was reversed. On January 7, 2002, assessments of tax in the amount of $190,026.95 and interest in the amount of $14,919.65 were abated.

396. Plaintiff, after application of payments and credits made and applied and other assessments with respect to the assessments alleged in paragraphs 394 and 395, above, is liable

to the defendant for the unpaid balances thereof in the total amount of $2,340,561.62, plus additions thereto of penalties and interest accruing according to law.

COUNT XIX

397. On July 16, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $407,469.08 with respect to calendar year 1992.

398. On July 16, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 397, above, in the amounts of $499,892.31 in accrued interest, $40,746.91 in failure to deposit penalties, and $81,493.82 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

399. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 397 and 398, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,024,367.73, plus additions thereto of penalties and interest accruing according to law.

COUNT XX

400. On July 23, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $863,821.33 with respect to calendar year 1993.

401. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 400, above, in the amounts of $920,668.60 in accrued interest, $86,382.13 in failure to deposit penalties, and $172,764.27 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

402. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 400 and 401, above, is liable to the defendant for the

unpaid balances thereof in the total amount of $2,037,976.51, plus additions thereto of penalties and interest accruing according to law.

COUNT XXI

403. On July 23, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $807,047.18 with respect to calendar year 1994.

404. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 403, above, in the amounts of $720,831.47 in accrued interest, $80,704.72 in failure to deposit penalties, and $161,409.44 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

405. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 403 and 404, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,766,220.98, plus additions thereto of penalties and interest accruing according to law.

COUNT XXII

406. On July 23, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $4,901,980.40 with respect to calendar year 1995.

407. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 406, above, in the amounts of $3,472,138.27 in accrued interest, $490,198.04 in failure to deposit penalties, and $980,396.08 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

408. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 406 and 407, above, is liable to the defendant for the

unpaid balances thereof in the total amount of $9,838,460.12, plus additions thereto of penalties and interest accruing according to law.

COUNT XXIII

409. On July 23, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $5,561,121.70 with respect to calendar year 1996.

410. On July 23, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 409, above, in the amounts of $3,049,667.25 in accrued interest, $556,112.17 in failure to deposit penalties, and $1,112,224.34 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

411. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 409 and 410, above, is liable to the defendant for the unpaid balances thereof in the total amount of $10,274,907.86, plus additions thereto of penalties and interest accruing according to law.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice and judgment be entered against plaintiff and in favor of the defendant upon its counterclaim in the total amount of $33,304,801.98, plus penalties and interest thereon according to law, and for such other and further relief as is just and proper.

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-616-3366
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY ABATE
Assistant Chief, Court of Federal Claims Section

s/Mary Abate
Of Counsel