# In the United States Court of Federal Claims

| | |
|---|---|
| CENCAST SERVICES, L.P., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T, 02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T<br><br>Filed May 2, 2007 |

**ORDER**

Pursuant to the Court's order filed April 24, 2007, the parties and the Court participated in a telephonic status conference on May 1, 2007 to discuss the course of future proceedings in these consolidated cases.

The parties identified three sets or categories of issues remaining and discussed how best to resolve each of them. As the Court understands the situation, the sets of issues may be described as follows: 1) issues relating to the identity of the common law employer for purposes of determining the wage base for various types of employees; 2) computational issues, including determining the proper amount of the so-called SUI credit; and 3) statute of limitations issues, including whether representatives of certain dissolved plaintiffs had authority to execute waivers of the statute.

The parties discussed dealing with issues relating to identifying the common law employer by initially conducting an in-house investigation (plaintiffs) and by initially engaging an industry expert (defendant) to assist defendant in undertaking such discovery as may be necessary from third parties and others. Plaintiffs also anticipate retaining one or more experts to assist them in conducting analyses of various categories of employees and employers to develop the facts necessary to resolve this first set of issues.

The parties discussed the possibility of dealing with the computational issues initially by serving contention-type interrogatories, recognizing that the Government may require additional time to respond due, among other things, to the need to engage the services of a former IRS employee knowledgeable with respect to the Government's computation methodology. Similarly, plaintiffs expressed their need to obtain and aggregate certain data (which would be made available to defendant) and engage a computer expert to undertake the relevant computations. Thereafter it may be that the parties could come into agreement on the

computational issues or at least narrow the areas of disagreement.

The parties discussed the possibility of dealing with the statute of limitations issues by means of a summary judgment motion (filed by plaintiffs given their greater familiarity with the relevant facts) at a relatively early stage of the proceedings, subject to the opposing party's (*i.e.*, the Government's) right to seek discovery as contemplated by Rule 56(f) of the Rules of the United States Court of Federal Claims.

The Court asked the parties to work together to prepare a program describing as specifically as possible the steps that they believe need to be taken to resolve the three sets of issues identified above, or at the very least to get those issues into a posture such that the Court can resolve through trial any remaining disputed issues of material fact. The Court also asked the parties to propose a timetable for accomplishing such steps, recognizing that future events (possibly beyond the parties' control) may necessitate changes in such a program and schedule.

The Court understands that the parties are in agreement that the parties' program and schedule will provide that activities leading to the resolution of each set of issues will proceed on parallel tracks.

Having consulted with the parties, the Court does hereby ORDER that the parties shall file and serve by **Tuesday, May 15, 2007** a joint status report setting forth a specific program and timetable for accomplishing the steps necessary to resolve the three sets of issues. After reviewing the parties' submission, the Court will notify the parties as to whether it believes that a further status conference would be helpful.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge