# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| _____ | ) | |
| CENCAST SERVICES, L.P., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Nos. 02-1916 T, 02-1917 T, |
| | ) | 02-1918 T, 02-1919 T, 02-1920 T, |
| v. | ) | 02-1921 T, 02-1922 T, 02-1923 T, |
| | ) | 02-1924 T, 02-1925 T |
| THE UNITED STATES, | ) | |
| | ) | Filed June 23, 2009 |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on plaintiffs' motion for protective order (docket entry 146, June 4, 2009) ("Pls.' Mot."), defendant's opposition (docket entry 152, June 16, 2009) ("Def.'s Resp."), and plaintiffs' reply in support of its motion (docket entry 153, June 18, 2009).

Plaintiffs' motion includes a proposed protective order (docket entry 146.2, June 4, 2009) ("Plaintiffs' Proposed Order"), which in some respects is more protective of certain information than the protective order set forth in Form 8 of the Rules of the Court of Federal Claims ("RCFC") ("Standard Protective Order"). Defendant states that it does not object to the entry of a protective order in principle, but it does object to Plaintiffs' Proposed Order as containing requirements that are both unduly onerous and unnecessary. Def.'s Resp. at 1. Defendant has submitted its own version of a proposed protective order (docket entry 152.2, June 16, 2009) ("Defendant's Proposed Order").

The Court is sympathetic to plaintiffs' concern about the security of personal identification and financial information of non-parties. While, as pointed out by defendant, certain personal information is protected by statute and the rules of this court, it is likely that sensitive information produced during discovery in this matter will fall outside those protections. *See* RCFC 5.2 (providing privacy protection for personal information filed with the court, but not information produced in discovery); RCFC 26(c) (allowing a person or party from whom discovery is sought to move for a protective order); Internal Revenue Code § 6103 (requiring confidentiality for certain information "received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return"); 5 U.S.C. § 552 (restricting, with exceptions, government agencies from disclosing personally identifiable information under their control). In addition, the Court agrees with plaintiffs that a protective order may facilitate the expeditious production of documents by non-parties.

The Court approves the portions of Plaintiffs' Proposed Order that are equivalent to the Standard Protective Order, including, among other things, the treatment of information designated as "Confidential," and the mechanisms for objecting to particular designations and redactions. In addition, the Court accepts the following proposals by plaintiffs that do not have equivalents in the court's Standard Protective Order: (1) providing for two tiers of protection by defining two categories of information, "Confidential Information," and "Highly Confidential Information;" (2) procedures required upon receipt of any subpoena or other compulsory process commanding production of material designated Confidential or Highly Confidential; and (3) utilization of plaintiffs' proposed "Confidentiality Acknowledgment Form" in place of RCFC Forms 9 and 10 in connection with applications for admission to the protective order and access to Confidential Information and Highly Confidential Information. The Court finds that these non-standard precautions are reasonable given the breadth and sensitivity of the anticipated discovery in this case.

The Court also tentatively approves the additional safeguards provided for material designated as Highly Confidential, which includes the personal information of non-parties. Those safeguards require that such material be kept in password protected files and that personally identifiable information be redacted from documents designated as Highly Confidential prior to their being provided to consultants and experts. Although defendant argues that these measures impose burdens that are both unduly onerous and unnecessary, the Court is not persuaded that the burden on defendant outweighs the necessity for procedures adequate to protect the sensitive information of non-parties in this matter. The Court, however, anticipates that it will revisit the operation of these requirements no later than six months from the date of entry of this order in order to evaluate the burden on defendant and the degree of sensitivity of the information actually produced in discovery.

The Court has made certain modifications to Plaintiffs' Proposed Order where it deviated from the Standard Protective Order without significantly adding to the security of the information or the efficiency of the process for protecting information. For instance, the Court has modified the paragraphs in Plaintiffs' Proposed Order that relate to applying for access to protected information. The application process now corresponds more closely to the process in the Standard Protective Order. This process requires individuals who may be given access to protected information, except personnel of the court and the Department of Justice, to complete the Confidentiality Acknowledgment Form, and file the completed form with the court. In addition, the Court has modified Plaintiffs' Proposed Order to allow disclosure of protected information to other government agencies, provided that (1) such disclosure does not violate either 26 U.S.C. § 6103 or the Privacy Act, 5 U.S.C. § 552, and that (2) counsel for the United States provides specific notification of such disclosure in writing to the Designating Party.

Finally, defendant requests that the Court add an instruction that all designations of Confidential and Highly Confidential be made in good faith and only where reasonably necessary to protect such information. The Court has adopted the requirement to designate in good faith as set forth in Section 3 of Plaintiffs' Proposed Order. The Court expects that the parties will act

reasonably and in good faith in all matters related to the protective order, including specifically the designation of information as Confidential and Highly Confidential.

Upon consideration of both parties' submissions, and seeking to strike what the Court believes to be a fair and reasonable balance between the parties' contentions and concerns, the Court **GRANTS** plaintiffs' motion for protective order with modifications, including those described above.

**IT IS SO ORDERED.**

                                              s/ George W. Miller
                                              GEORGE W. MILLER
                                                      Judge