## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Cencast Services, L.P., et al., <br><br>    Plaintiffs, <br><br> v. <br><br>United States of America, <br><br>    Defendant. | Case Numbers: 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T, 02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T <br><br> Judge George W. Miller |

### JOINT STATUS REPORT REGARDING SERVICE OF NON-PARTY DOCUMENT SUBPOENAS

The parties have reached a final agreement on a list of productions for discovery on the independent contractor and aggregation issues. The parties respectfully request the Court's permission to effect service of the non-party document subpoenas via U.S. mail. The parties disagree, however, with respect to the scope of the approval that should be requested. The parties' respective statements on that issue are set forth below.

### PLAINTIFFS' STATEMENT

RCFC 45(b)(1) provides that a subpoena may be served by "delivering a copy to the named person." Plaintiffs interpret this subsection of the Rule to allow service of subpoenas by U.S. mail. Service by mail offers an efficient method to deliver the large number of non-party document subpoenas the parties intend to serve in this case. Plaintiffs agree with Defendant that, in the first instance, service on the subpoena recipients should be by mail. If any document subpoena recipient objects to such service, however, Plaintiffs are willing to effect service through a process server.

Plaintiffs understand that Defendant will only agree to service by a process server on recipients who object to service by mail it if comes with a concomitant extension of the March

–1–

10, 2010 discovery deadline agreed to by the parties and ordered by the Court on October 6, 2009. Defendant's insistence that the discovery period be extended would delay the progress of discovery in this case, and Plaintiffs believe such an extension is unwarranted and unnecessary. Plaintiffs agreed to a lengthy discovery period on the initial set of non-party subpoenas and other initial sample set discovery because it would allow the parties to address any objections from the recipients of non-party document subpoenas. Under RCFC 45(c)(2)(B), a subpoena recipient must object to a document subpoena within the time specified for compliance or 14 days after the subpoena is served. In compliance with this Court's Order, the parties intend to serve these subpoenas on October 23. Those objections would be due no later than mid-November. If the subpoena recipient objects to the method of service, that objection can be quickly remedied. Accordingly, Plaintiffs respectfully request that the Court enter an order allowing service of the non-party document subpoenas by mail without extending the March 10 discovery deadline or precluding those subpoena recipients from objecting to the method of service.

## DEFENDANT'S STATEMENT

The question presented in this joint motion is whether or not the Court, as a matter of efficiency, should pre-approve service of the Joint Subpoenas by U.S. Mail. Pre-approval is within this Court's powers and would substantially aid in the efficient conduct of third-party discovery. Indeed, we can think of no consideration that would warrant against pre-approval, and plaintiffs' statement offers none. Pre-approval by this Court of service by mail would allow the parties to accomplish service of the subpoenas without the expense (both monetary and temporal) of having the United States Marshals Service or some other entity personally serve the subpoenas. Pre-approval would also circumvent any objection to such service by the subpoena recipient and ensure that the recipient responded to the subpoena and produced documents

without needless delay.  Under plaintiffs' proposal, however, the parties would serve the subpoenas by mail and without the Court's pre-approval or an agreement from the subpoena recipient, and then hope that the recipient does not object to the method of service.  To the extent the recipient does object, plaintiffs' proposal would require the parties to re-serve the subpoena by hand, the clock would restart on responding to the subpoena, and the parties would lose the amount of time that passed between service by mail and personal service.  (Hence, our refusal to agree to plaintiffs' proposal without a concomitant extension of the discovery period.)  Defendant respectfully suggests that here—where the parties will be serving *at least* fifty third-party subpoenas and attempting to complete that discovery (and later-noticed depositions) in a five-month period of time—the parties should be proactive in creating efficiencies, including seeking pre-approval of service by mail.

Respectfully submitted,

Dated:  October 22, 2009                By: *s/Kent A. Yalowitz*_____
                                                              Kent A. Yalowitz
*Counsel of Record*
Amalia W. Jorns
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone:  (212) 715-1000
Facsimile:  (212) 715-1399

James P. Joseph
ARNOLD & PORTER LLP
555 Twelfth Street N.W.
Washington, D.C. 20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

*Attorneys for Plaintiffs*
*Cencast Services, L.P., et al.*

- 4 -

Dated: October 22, 2009					By: *s/Fredrick C. Crombie*
							FREDRICK C. CROMBIE
							Attorney of Record
							U.S. Department of Justice
							Tax Division
							Court of Federal Claims Section
							Post Office Box 26
							Ben Franklin Post Office
							Washington, D.C.  20044
							(202) 305-2165
							(202) 514-9440 (facsimile)

							JOHN A. DiCICCO
							Acting Assistant Attorney General
							STEVEN I. FRAHM
							Chief, Court of Federal Claims Section
							MARY M. ABATE
							Assistant Chief

							*s/Mary M. Abate*
							MARY M. ABATE

							*Attorneys for Defendant*