IN THE UNITED STATES COURT OF FEDERAL CLAIMS

───────────────

(Judge George W. Miller)

───────────────

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T

───────────────

CENCAST SERVICES, L.P. ET AL,

Plaintiffs

v.

THE UNITED STATES,

Defendant

───────────────

MOTION FOR EXPEDITED STATUS CONFERENCE

───────────────

Defendant requests an expedited status conference so that the Court may resolve, at its earliest possible availability, a time-sensitive dispute that may prejudice the proper administration of the joint subpoenas. Undersigned counsel is available today for such a status conference. We have informed plaintiffs of our intention to file this motion (by voicemail and email), but have received no response. We make this request pursuant to RCFC 7(b).

This Court has approved the use of joint subpoenas to be issued to third-party entities associated with productions selected as part of sample sets for discovery into the Aggregation and Independent Contractor Issues. Those subpoenas were served, via Certified Mail, on October 23 and 26, 2009. As explained more fully below, we learned yesterday evening that plaintiffs' counsel has engaged in discussions with subpoena recipients, without notice to defendant and outside our presence.

–1–

On November 3, 2009, undersigned counsel received a voicemail from a representative of ABC, one of the subpoena recipients. In her voicemail, that representative stated that she was unclear as to exactly what the subpoena requested, and asked that undersigned counsel contact her to discuss the subpoena. Upon receipt of that voicemail, we contacted plaintiffs' counsel in an effort to set a time to discuss the voicemail and return the call. *See* Ex. 1. In response to our email, plaintiffs' counsel disclosed that they had already been in contact with other subpoena recipients and had discussed the joint subpoenas without notice to defendant and outside of our presence. *See* Ex. 2. In a separate email, plaintiffs' counsel disclosed that they had identified serious errors in the dates they had inserted into the form joint subpoenas.[1] *See* Ex. 3.

Upon learning that plaintiffs' counsel had engaged in *ex parte* communications with certain unidentified subpoena recipients, we demanded that they immediately cease such *ex parte* communications and disclose the details of any *ex parte* communications that had already occurred. *See* Ex. 4. Plaintiffs have flatly refused to inform us of those *ex parte* communications, and have suggested that such *ex parte* communications will continue. *See* Ex. 5.

At the September 2, 2009, status conference, the parties expressly discussed with the Court the procedures for communicating with subpoena recipients regarding the joint subpoenas. At that status conference, undersigned counsel stated "if we are meeting and conferring on these third party subpoenas whether the recipient calls Mr. Yalowitz or calls myself I would suspect and in fact it would be my condition that neither one of us ought to be meeting and conferring and discussing the scope of that subpoena without the other on the line." *See* Sept. 2, 2009,

---

[1] In an email sent this morning, plaintiffs' counsel asserted that the errors were discovered as a result of their own internal review. *See* Ex. 7 (email attachment excluded).

Status Conf. Trans. at 23:7-13.[2]  Plaintiffs' counsel, Mr. Yalowitz, agreed:  "I will take by my silence on the point of talking to people only jointly with Mr. Crombie that I agree with that." *See id.* at 27:10-13.  Mr. Yalowitz now contends that he did not agree, and that undersigned counsel misinterpreted his statement.[3]  *Ex.* 5.

A joint subpoena is by its very nature "*joint*."  That is a joint effort by the parties to collect the documents and information requested in the subpoena.  As a *joint* effort, we believe that neither party should discuss, with any subpoena recipient, the scope of the subpoena without first notifying the other party and affording that party an opportunity to participate in the communication.[4]  Because it is now apparent that plaintiffs' counsel disavows his agreement with that view, expressed at the status conference, we respectfully request that the Court

---

[2] Pages 20 through 27 of the September 2, 2009, transcript are attached hereto as Exhibit 6.
[3] We are unaware of any effort by plaintiffs to correct the September 2, 2009, transcript.

[4] We do not assert that plaintiffs may not contact the subpoena recipients about other matters. We contend only that plaintiffs should not engage in *ex parte* communications with subpoena recipients concerning matters falling within the scope of the joint subpoenas.

–3–

schedule, at its earliest possible availability, a status conference for the purposes of addressing the procedures for discussing the joint subpoenas with subpoena recipients.

                                        Respectfully Submitted,

Dated:  November 4, 2009                *s/Fredrick C. Crombie*
                                        FREDRICK C. CROMBIE
                                        Attorney of Record
                                        U.S. Department of Justice
                                        Tax Division
                                        Court of Federal Claims Section
                                        Post Office Box 26
                                        Washington, D.C.  20044
                                        (202) 307-6580
                                        (202) 514-9440 (facsimile)

                                        JOHN A. DiCICCO
                                            Acting Assistant Attorney General
                                        STEVEN I. FRAHM
                                            Chief, Court of Federal Claims Section
                                        MARY M. ABATE
                                            Assistant Chief

Dated: November 4, 2009                 *s/Mary M. Abate*
                                        Mary M. Abate
                                            Of Counsel

                                        *Attorneys for Defendant*