# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| CENCAST SERVICES, L.P., et al., | ) ) ) | |
| Plaintiffs, | ) ) | Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T, |
| v. | ) ) | 02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | Filed November 6, 2009 |

**ORDER**

Having considered the parties' filings of November 4, 2009 (docket entries 226 and 227), the discussion during the telephonic status conference on the same date, and the parties' filings of November 6, 2009 (docket entries 229 and 230), the Court in addition to its order of November 5, 2009 (docket entry 228), **FURTHER ORDERS** as follows:

(1) The procedures described in this order shall apply to communications from recipients of the recently served joint subpoenas that call for an interpretation of (i) the scope of the subpoena; or (ii) the meaning of words or phrases used therein; or (iii) the recipient's obligations under the subpoena, including, for example, whether particular documents or categories of documents are or are not called for by the subpoena.

(2) The parties shall attempt in good faith to develop a list of frequently asked questions ("FAQs"), both actual and anticipated, that are within the scope of paragraph 1, together with an agreed set of answers.

    (a) If a recipient poses a question that is a FAQ, the person receiving the inquiry shall give the agreed answer and notify opposing counsel of the identity of the inquirer and the answer given.

    (b) If the inquiry is not a FAQ, then the person receiving the inquiry shall advise the recipient that counsel for the parties have not yet discussed or agreed upon a joint response to the question, but that counsel will confer and make a further response to the inquirer, hopefully with an agreed answer.

(3) Counsel shall then meet and confer to discuss an appropriate joint response to the inquiry. No further discussion of the inquiry with the recipient that posed the question shall occur until the parties have met and conferred pursuant to this paragraph 3.

     (a) If counsel are able to come to an agreement on a joint response, either party may respond to the recipient, relating the agreed upon response and notifying opposing counsel that such response was given.  Such responses shall be documented in writing.  The question and answer may then be added to the list of FAQs.

     (b) If counsel cannot agree upon a joint answer, they shall jointly so advise the recipient that posed the question and shall explain their respective positions.  Counsel shall advise the recipient that, in view of the parties' inability to reach agreement on an answer, as far as counsel for the parties are concerned, they would request that the recipient respond to the subpoena in the manner he or she deems to be most reasonable, and, in that regard, the recipient may wish to consult with personal counsel.

     (4) The Court recognizes that the foregoing procedures raise workability issues, but the Court is of the view that the recipients' interest in receiving authoritative and agreed answers to their reasonable questions within the scope of paragraph 1 should prevail over the concerns of counsel relating to workability.  Counsel shall implement the procedures described in this order in a manner consistent with the Court's view.

     (5) The parties are free to modify the foregoing procedures by agreement to take into account practical issues that may arise in complying with the procedures.

     (6) Nothing in this order shall limit either side's right to engage in *ex parte* communications with recipients on subjects other than those described in paragraph 1.

     (7) This order is without prejudice to the right of a recipient of a joint subpoena to object to the subpoena.

     (8) Recognizing that issues may arise in the future about the applicability of the foregoing procedures, the Court expects the parties to resolve such issues through good faith, cooperative, dispassionate, and civil discussions, as they have done successfully with respect to other issues in this litigation, without undue *bouleversement* and, if at all possible, without further intervention by the Court.

**IT IS SO ORDERED.**

                                                        s/ George W. Miller
                                                     GEORGE W. MILLER
                                                         Judge