IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

(Judge George W. Miller)

_____

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T

_____

CENCAST SERVICES, L.P. ET AL,

Plaintiffs

v.

THE UNITED STATES,

Defendant

_____

MOTION OF THE UNITED STATES TO COMPEL RCFC 30(B)(6) DEPOSITION
TESTIMONY AND TO COMPEL THE PRODUCTION OF DOCUMENTS

_____

JOHN A. DiCICCO
    Acting Assistant Attorney General
STEVEN I. FRAHM
MARY M. ABATE
FREDRICK C. CROMBIE
CHRISTOPHER S. DOVE
ALLISON ICKOVIC
    Attorneys
    Department of Justice, Tax Division
    Court of Federal Claims Section
    P.O. Box 26
    Ben Franklin Station
    Washington, D.C.  20044
    (202) 305-2165

# TABLE OF CONTENTS

**Page:**

Introduction ................................................................................................................. 1

Discussion .................................................................................................................... 2

    A.   Communications with IRS (Deposition Topics 1-4 and 7; Document Requests 4 and 9) ................................................................... 4

    B.   Payroll Database and Job Cost Files (Deposition Topics 11-13) ........................................................................................................... 6

    C.   Plaintiffs' Assertions re Duty of Consistency (Deposition Topic 6) ............................................................................................... 9

    D.   Paymaster Volumes (Deposition Topic 14; Document Requests 11, 12, 13 and 15) ................................................................ 11

    E.   Document Management and Retention Policies (Deposition Topics 15 and 16) ....................................................................... 12

    F.   Accountable Plans (Document Requests 16 and 17) ........................................... 13

    G.   Relief From RCFC 30(a)(2)(A)(ii) ..................................................... 14

Conclusion ................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page:**

**Cases:**

*AAB Joint Venture v. United States*,
 75 Fed. Cl. 448, 457-58 (2007) ........................................................................ 6

*Beltzer v. United States*,
 495 F.2d 211, 213 (8th Cir. 1974)) ................................................................... 8

*Breffka & Hehnke GMBH & Co. v. M/V Glorious Success*,
 2002 U.S. Dist. LEXIS 20601, at *4 (S.D.N.Y. Oct. 28, 2002) ...................... 15

*Community for Creative Non-Violence v. Reid,*
 490 U.S. 730, 751-52 (1989) .................................................................... 11, 15

*Evergreen Trading, LLC v. United States*,
 80 Fed. Cl. 122, 144 (2007) ............................................................................. 6

*Herbert v. Lando*,
 441 U.S. 153 (1979) .......................................................................................... 5

*Herrington v. Commissioner*,
 854 F.2d 755, 758 (5th Cir. 1988) .................................................................... 8

*Hickman v. Taylor*,
 329 U.S. 495, 507 (1947) .................................................................................. 5

*Hughs & Luce, L.L.P. v. Commissioner*,
 T.C. Memo 1994-559, 1994 WL 604047 (U.S.T.C. 1994), *aff'd* 70 F.3d 16 (5th Cir.
   1995) ................................................................................................................ 9

*Jade Trading, LLC v. United States*,
 65 Fed. Cl. 188, 191 (2005) .............................................................................. 5

*Janis v. Commissioner*,
 T.C. Memo 2004-117, 2004 WL 1059516 (T.C. 2004) .................................... 8

*Jicarilla Apache Nation v. United States*,
 88 Fed. Cl. 1, 8 (2009) ................................................................................... 12

*JZ Buckingham Investments LLC v. United States*,
 78 Fed. Cl. 15, 18 (2007) ................................................................................. 6

*Langone v. USCO Distribution Services, Inc.*,
 389 F. Supp. 2d 91, 100-01 (D. Mass. 2005) ................................................. 11

# TABLE OF AUTHORITIES
## (Cont'd)

**Page:**

**Cases (cont'd):**

*Lofquist Realty Co. v. Commissioner*,
102 F.2d 945, 949 7th Cir. 1939) ....................................................................................... 9

*Natiowide Mut. Ins. Co. v. Darden*,
503 U.S. 318, 324 (1992) ................................................................................................ 11

*Newman v. Borders Inc.*,
257 F.R.D. 1, *3 (D.D.C. Apr. 6, 2009) ........................................................................ 15

*Oenga v. United States*,
78 Fed. Cl. 427, 431-32 (2007) ........................................................................................ 5

*Robinson v. Commissioner*,
100 F.2d 847, 849-50 (6th Cir. 1939) ............................................................................. 9

*Sanders v. District of Columbia*,
2009 U.S. Dist. LEXIS 14462, at *10 (Feb. 25, 2009) .................................................. 13

**Other:**

Rev. Ruling 87-41, 1987-1 *Cum. Bull*, 296, 298-99 ............................................................ 11, 15

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

(Judge George W. Miller)

_____

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T

_____

CENCAST SERVICES, L.P. ET AL,

Plaintiffs

v.

THE UNITED STATES,

Defendant

_____

MOTION OF THE UNITED STATES TO COMPEL RCFC 30(B)(6) DEPOSITION
TESTIMONY AND TO COMPEL THE PRODUCTION OF DOCUMENTS

_____

Pursuant to RCFC 37(a), the United States moves this Court for an order compelling

plaintiffs to (1) produce a witness or witnesses for RCFC 30(b)(6) depositions, and (2) provide

all documents responsive to defendant's Document Requests Nos. 4, 5, 9, 11-13, and 15-17.  On

October 27, 2009, defendant served notices of RCFC 30(b)(6) depositions of each of the

plaintiffs.[1]  *See* Ex. A.  Plaintiffs have refused to produce a witness or witnesses to testify on the

topics identified in defendant's notices.  Instead plaintiffs insist that defendant first divulge its

work product and explain how such testimony will be used in its anticipated motion for summary

judgment.[2]  *See* Ex. D.  Defendant respectfully requests that the briefing schedule on this motion

_____

[1] Although defendant served ten notices of deposition—one for each plaintiff—it was anticipated
that one deposition would be taken on behalf of all of the plaintiffs.  Because the notices are
identical with respect to the topics noticed, only one notice is attached hereto as Exhibit A.

[2] Ironically, although plaintiffs are refusing to make themselves available for even one RCFC

be expedited in light of the December 18, 2009, deadline for defendant to file its anticipated motion for summary judgment.

On July 24, 2009, defendant served plaintiffs with its Third Set of Requests for the Production of Documents. *See* Ex. E. Plaintiffs responded, on September 9, 2009, with boilerplate objections, refusing to produce all documents responsive to defendant's Requests for Production Nos. 4, 5, 9, 11-13, and 15-17, despite the clear relevance of those documents to the parties' claims and defenses. *See* Ex. F.

As reflected in, for example, Exhibits B, and F-H, counsel for defendant has acted in good faith to meet and confer with plaintiffs' counsel in an attempt to obtain this discovery without the involvement of the Court. *See* Exs. D, G, H and I. Plaintiffs, however, have failed to meet their obligations under RCFC 33, 34 and 35 to provide full and complete discovery of matters relevant to the claims and defenses at issue in this action.

## DISCUSSION

RCFC 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The concept of relevance is broadly and liberally construed during discovery. *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Jade Trading, LLC v. United States*, 65 Fed. Cl. 188, 191 (2005) ("relevance for the purposes of Rule 26 is broadly construed"). As the rules of this Court and the Federal Rules of Civil Procedure make clear, the scope of discovery is "broadly construed to 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Oenga v. United States*, 78 Fed. Cl. 427, 431-32 (2007) (citation

---

30(b)(6) deposition, they have indicated their intent to take upwards of *fourteen* depositions of the IRS and its current and former employees, including attorneys currently and formerly employed in the IRS Chief Counsel's Office. *See* Ex. B.

omitted); *see also Evergreen Trading, LLC v. United States*, 80 Fed. Cl. 122, 144 (2007).

Relevant discovery "need not be admissible at trial, it need only be reasonably calculated to lead

to the discovery of admissible evidence." *JZ Buckingham Investments LLC v. United States*, 78

Fed. Cl. 15, 18 (2007).

Further, a party may not evade its Rule 26 obligations through the use of boilerplate

objections that discovery requests are vague, overbroad, and/or unduly burdensome.  The "mere

statement that the [request] is overly broad, burdensome or oppressive has been held inadequate"

by most federal courts.  *AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 457-58 (2007)

(citations omitted).  Objections to discovery must be stated with specificity, and the failure to

specify the grounds for an objection results in waiver of the objection.  RCFC 33(b)(4), 34(b)(4).

Continually recycling the conclusory objection that discovery requests are unduly burdensome

does not meet the requirements set by the rules.  Rather, the objecting party must specify "*how*"

an interrogatory is burdensome and be prepared to present evidence proving the burden.  *AAB*

*Joint Venture*, 75 Fed. Cl. at 458.[3]

Defendant served plaintiffs with notices of RCFC 30(b)(6) depositions and requests for

the production of documents in order to obtain information relevant to the parties' claims and

---

[3] Here, plaintiffs have offered nothing more than the conclusory, boilerplate objections that, for example, "[p]laintiffs further object to this request as overly broad and unduly burdensome to the extent it seeks oral communications," (*see* Ex. F (responses to Request for Production Nos. 4, 5)), or "[p]laintiffs object to this request as vague, overly broad, and unduly burdensome," (*see id.* (responses to Requests for Production Nos. 9 and 11-13; *see also* responses to Requests for Production Nos. 15-17)).  Such objections lack the required specificity and do nothing to identify how the requested information would be burdensome to produce.  Consequently, plaintiffs have waived any objection that the information would be burdensome to produce.  *See AAB Joint Venture*, 75 Fed. Cl. at 458.

defenses.  As further detailed below, plaintiffs have refused to meet their obligations to provide discovery into matters the relevancy of which cannot seriously be disputed.[4]

### A.    Communications with IRS (Deposition Topics 1-4 and 7; Document Requests 4 and 9)

Defendant seeks testimony and documents relating to certain communications between plaintiffs and the IRS.  Those requests include:

*Deposition Topics:*

1.    All communications with the IRS regarding the IRS audit of the tax periods at issue.

2.    All communications with the IRS relating to TAM 199918056 and the request therefore.

3.    All communications with the IRS relating to [plaintiffs'] claims for refund concerning the tax periods at issue.

4.    All documents or other materials provided by [plaintiffs] to the IRS in connection with the audit, TAM 199918056 and the request therefore, and/or [plaintiffs'] claims for refund concerning the tax periods at issue.

7.    TAM199918056 and the request therefore.

*Document Requests:*

4.    All documents relating to any communication between [plaintiffs] and the IRS relating to any audit of the tax periods in dispute.

9.    All documents relating to the TAM Request.[5]

---

[4] The following discussion addresses groups of discovery requests by the subject matter of the information sought and the relevancy of that information to this action.

[5] Request for Production No. 9 is not limited to communications with the IRS regarding the TAM Request, but rather seeks *all* documents in plaintiffs' possession, custody or control that relate to that TAM Request.

On October 24, 1997, the Los Angeles District Office of the IRS submitted a Request for Technical Advice (the "TAM Request") soliciting the opinions of IRS Chief Counsel on certain matters relating to the audit of certain of the tax periods in dispute.  A copy of that TAM Request is attached hereto as Exhibit K.  Because that TAM Request contains an agreed upon statement of facts, both that TAM Request and plaintiffs' Taxpayers' Brief—setting forth plaintiffs'

In response to our deposition notices and document requests plaintiffs have taken inconsistent positions regarding oral communications with the IRS.  In response to Deposition Topics 1-4, plaintiffs have refused to produce a witness to testify as to anything other than "oral discussions concerning the independent contractor issue."  *See* Ex. D at 3.  Yet, in responding to our document requests, plaintiffs have flatly refused to make a complete production of documents concerning oral communications that are responsive to Document Request No. 4.  *See* Ex. F at 5.  Similarly, plaintiffs have responded inconsistently regarding written communications with the IRS.  While they acknowledge that written communications are relevant to this action and have agreed to produce such documents, plaintiffs refuse to produce a witness to testify as to those communications.  Plaintiffs' position is untenable.

Both written and oral communications are relevant to plaintiffs' duty of consistency. Defendant has made clear its current intention to file a motion for summary judgment as to plaintiffs' independent contractor theory, in part because assertion of that theory would violate plaintiffs' duty of consistency.  *See Hess v. United States*, 210 Ct. Cl. 483, 537 F.2d 457, 463 (1976); *Janis v. Commissioner*, T.C. Memo 2004-117, 2004 WL 1059516 (T.C. 2004).  One element to the duty of consistency defense is that the IRS has acquiesced in or relied on that fact for that period.  *Hess*, 537 F.2d at 463 (citing *Beltzer v. United States*, 495 F.2d 211, 213 (8th Cir. 1974)).  That element is met if the IRS accepts the taxpayer's report or return and permits the statute of limitations on assessment to expire for that tax period.  *Herrington v. Commissioner*, 854 F.2d 755, 758 (5th Cir. 1988).  In accepting and relying upon a return, the IRS is not required to search for information other than that provided by the taxpayer and, absent *disclosure by the taxpayer* of sufficient facts to supply the IRS with knowledge or constructive

arguments in connection with the TAM Request—are highly relevant to this action.  *See* Ex. J at 2 (noting the statement of facts was agreed to by the taxpayers).

knowledge of the erroneous report, the IRS is *entitled* to rely upon a presumption of correctness

of that return or report.  *Hughes & Luce, L.L.P. v. Commissioner*, T.C. Memo 1994-559, 1994 WL

604047 (U.S.T.C. 1994), *aff'd* 70 F.3d 16 (5th Cir. 1995); *Lofquist Realty Co. v. Commissioner*,

102 F.2d 945, 949 (7th Cir. 1939); *Robinson v. Commissioner*, 100 F.2d 847, 849-50 (6th Cir.

1939).  Thus, the relevant inquiry into the second prong of the duty of consistency analysis

requires investigation into what, if any, curative disclosures were made by plaintiffs.  Discovery

into plaintiffs' communications with the IRS, written and oral, is both relevant to that question

and likely to lead to the discovery of admissible evidence.[6]

**B.      Payroll Database and Job Cost Files (Deposition Topics 11-13)**

Defendant also seeks deposition testimony concerning the job cost files and voucher files

(the "payroll database files") previously provided by plaintiffs to defendant.  The requested

testimony includes the following Deposition Topics[7]:

> 11.    The definition and meaning of each data field contained in the job costs files
>        and/or the Bates White database, including any abbreviations or codes used
>        within those data fields.
>
> 12.    All data, for the tax periods at issue, maintained in plaintiffs' payroll databases
>        but not included in the job cost files provided to defendant.
>
> 13.    The manner in which [plaintiffs] input and/or used occupation codes and/or
>        job titles as those job codes and job descriptions are found in the job cost files
>        and/or Bates White database.

---

[6] Moreover, plaintiffs assert that the acceptance and reliance element puts at issue the Service's reasonableness and argue that the IRS could not reasonably have relied upon plaintiffs' own tax reports.  For the reasons stated in the immediately preceding paragraph, we believe plaintiffs' assertion is incorrect as a matter of law.  But regardless of its incorrectness, plaintiffs' assertion also puts at issue their communications, whether written or oral, with the IRS.

[7] Plaintiffs have flatly refused to provide a witness on these topics.  In an effort to compromise, we have asked that plaintiffs provide us the requested information through other, more informal means, but plaintiffs have not indicated a willingness to provide us with the information required to fully utilize and understand the payroll database files.  *See* Exs. H, K, L.  Indeed, all we have heard from plaintiffs are vague statements that they will "consider" our request.  *See* Ex. I at 4.

This information is necessary to understand the payroll database files and plaintiffs' business practices in inputting occupational codes and job descriptions into those files.  At several points in this litigation, plaintiffs have objected to certain of defendant's discovery requests on the grounds that the information sought was reflected in the payroll database files.  For example, at the September 2, 2009, status conference, plaintiffs objected to defendant's request to include bills and invoices in the joint subpoena on the grounds that the information contained in those bills and invoices was contained in the payroll database files:

> The Defendant has all of the information in a format that is readily readable, manipulable and understandable to the extent that anyone needs to read it, manipulate it or understand it, and their information, the depth of their information, is not going to be enhanced by asking for copies of pieces of paper that have the same information.

*See* Ex. M at 39-40.  Following up on Mr. Yalowitz's comments, undersigned counsel requested plaintiffs to identify those data fields showing amounts billed to and collected from plaintiffs' clients.  *See* Ex. L.  Plaintiffs' responses were incomplete, and plaintiffs have never identified *all* data fields showing amounts billed to and collected from their clients.  *See id.*  Similarly, plaintiffs have objected to providing full and complete responses to certain of defendant's interrogatories that seek disclosure of amounts paid to provide pension, health and disability benefits, ostensibly on the grounds that the information was also reflected in the payroll database files.  *See* Ex. I at 3.  Plaintiffs should not be permitted to object to discovery on the grounds that the requested information may be found in the payroll database files, yet simultaneously refuse to produce the information required to fully interpret and utilize those files.

Furthermore, it appears that the payroll database contains data fields that will be relevant to determining the various payments and benefits provided to production workers *and* which entity(ies) bore the economic burden of making those payments and providing those benefits.

–7–

The payroll database, according to plaintiffs' counsel, will also show the amounts of FICA and

FUTA taxes billed, how those taxes were billed to clients, and thus, how those clients viewed

their relationship to the production workers.  *See Natiowide Mut. Ins. Co. v. Darden*, 503 U.S.

318, 324 (1992) ("all of the incidents of the relationship must be assessed and weighed"); Rev.

Ruling 87-41, 1987-1 *Cum. Bull*, 296, 298-99 (explaining 20 factors to consider in determining

relationship). Those files also will show amounts paid and collected to provide various benefits

(*e.g.*, pension, health and disability benefits) provided to production workers.  *See* Ex. J (TAM

Request) at 7-9 (stating that plaintiffs were reimbursed for amounts paid for pension, health,

disability, and workers' compensation insurance); Ex. M at 38-40 (wherein plaintiffs' counsel

represented that amounts billed to clients were reflected in the payroll database files).  That such

payments and benefits are squarely within the realm of relevant information cannot be seriously

disputed; this information will directly weigh on the production workers' status as employees or

independent contractors.  *See Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 751-

52 (1989) ("Among the other factors relevant to this inquiry are . . . the provision of employee

benefits . . .") (citations omitted).

    Finally, the files are also likely to indicate which production workers were affiliated with

a union/guild and to which union/guild that worker was affiliated, and thus which collective

bargaining agreements must be considered when making production worker classification

decisions.  *See, e.g., Langone v. USCO Distribution Services, Inc.*, 389 F. Supp. 2d 91, 100-01

(D. Mass. 2005) (relying on the terms of the collective bargaining agreement in evaluating

*Darden* factors favoring employee status).   Because the payroll database files, by plaintiffs' own

admission, contain data relevant to plaintiffs' independent contractor theory, they cannot

reasonably deny defendant that information required to make full and complete use of those database files.[8]

Accordingly, we request that the Court compel plaintiffs to provide the noticed testimony no later than December 3, 2009, so that the requested database information is provided without any further undue delay.[9]

### C.    Plaintiffs' Assertions re Duty of Consistency (Deposition Topic 6)

Defendant also seeks testimony regarding plaintiffs' "assertion that the IRS knew or should have known that certain of the production workers at issue may have been independent contractors during the tax periods at issue, and all facts supporting, refuting or otherwise relating to that assertion" (Deposition Topic 6).  Plaintiffs have refused to produce a witness to testify as to Topic 6 on the grounds that it calls for the disclosure of privileged attorney work product.

Plaintiffs' objection is not well-founded for two reasons.  *First*, Deposition Topic 6 is broad enough to encompass matters not protected by the attorney-work product privilege.  The attorney work-product doctrine protects only mental impressions, conclusions, opinions or legal theories formed "in anticipation of litigation."  *Jicarilla Apache Nation v. United States*, 88 Fed. Cl. 1, 8 (2009).  To the extent plaintiffs obtained, prior to anticipating any litigation, knowledge of facts relating to their assertion—*e.g.*, first-hand knowledge—that knowledge is subject to

---

[8] Testimony on Deposition Topic No. 13 is also relevant to the reliability of plaintiffs' expert reports.  For example, plaintiffs have twice filed with this Court the report of Mr. Hadity, a purported entertainment industry expert.  Mr. Hadity's report purports to rely upon the occupational coding and/or job descriptions found in plaintiffs' payroll database.  (*See* Plts. Mot. to Compel, Ex. K thereto, at 14-15 (ECF Doc. 188-12).)  Because Mr. Hadity relies upon plaintiffs' occupational codes and/or job descriptions, plaintiffs' business practices in inputting that coding are relevant to the reliability of that data, and consequently, the reliability of Mr. Hadity's report.

[9] The December 3, 2009, deadline would likely make third-party discovery more efficient as well.  Access to such information would facilitate the parties' joint communications responding to questions from the subpoena recipients.  In addition, as indicated by plaintiffs, certain information requested from the third parties may also reside in the database.

discovery by defendant.  Thus, a blanket objection to testimony regarding Deposition Topic 6 is

inappropriate and ill-founded.  Rather, plaintiffs must produce a witness capable to testify as to

those non-privileged matters identified in Deposition Topic 6 and then assert their privileges on a

question-by-question basis, if and when specific questions call for the disclosure of protected

work product.  *See, e.g., Sanders v. District of Columbia*, 2009 U.S. Dist. LEXIS 14462, at *10

(Feb. 25, 2009), wherein the Court stated:

> The defendants ask me to preclude the deposition of Terry Ryan, General Counsel
> to the MPD. To do so, I would have to conclude that there is not a single question
> that could be propounded to him that would not be objectionable because it would
> disclose a confidential communication between attorney and client or attorney
> work product. That is impossible; Ryan, like any other witness, cannot claim an
> immunity from testifying as to facts.

> *Second*, the objection is at odds with plaintiffs' own discovery practices.  On July 30,

2009, plaintiffs served two interrogatories on defendant, each styled as contention interrogatories

inquiring into the basis for certain of defendant's arguments.  For example, one such

interrogatory inquired:

> Do you contend that the Court of Federal Claims lacks jurisdiction to determine
> whether plaintiffs are entitled to a set off for FICA and FUTA taxes paid with
> respect to production workers who were not common law employees during the
> tax years 1991 through 1996? Unless the answer is an unqualified "no", (a) state
> the basis for your contention; (b) state the facts that support your contention; (c)
> identify any documents that relate to your contention; (d) identify any persons
> with knowledge relating to your contention.

*See* Ex. N at 3 (interrogatory no. 1; *see also* interrogatory no. 2).  Defendant's Deposition Topic

6, is not much different.  It is a contention topic, the format of which has already been used by

plaintiffs in this action.

### D.  Paymaster Volumes (Deposition Topic 14; Document Requests 11, 12, 13 and 15)

Defendant has also requested deposition testimony regarding plaintiffs' "paymaster volumes for the tax periods at issue."  Plaintiffs have flatly refused to make a witness available to provide testimony on this topic.

That deposition topic was precipitated by defendant's earlier requests that plaintiffs produce certain documents relating to benefits extended to the production workers at issue. Those requests for production included:

> 11.   All documents governing the operation and/or maintenance of any pension or health fund to which you made contributions on behalf of a contested Production Worker.
>
> 12.   All documents governing the operation and/or maintenance of any pension or health benefit identified or described in response to Defendant's Interrogatory No. 5, including, but not limited to, any insurance policies and/or benefit plan documents.
>
> 13.   All documents governing the operation and/or maintenance of any voluntary disability plan identified in response to Interrogatory No. 6, including, but not limited to, any insurance policies and/or plan documents.
>
> 15.   All documents relating to the operation and/or maintenance of the Contract Services Administration Training Trust Fund, including, but not limited to, documents establishing and governing the Contract Services Administration Training Trust Fund, documents governing the eligibility of any contested Production Worker to participate in training offered by the Contract Services Administration Training Trust Fund, documents governing the eligibility of any contested Production Worker to seek reimbursement from the Contract Services Administration Training Trust Fund for any training activity, and documents establishing the amounts required to be contributed by you.

Plaintiffs have refused to produce the requested documents, offering up instead only their paymaster volumes (on which they now refuse to provide testimony).

That the requested documents and testimony are relevant to this action and within the scope of discovery is clear.  As the United States Supreme Court has recognized, the provision of benefits to workers is highly probative as to whether they were employees or independent

contractors.  *See Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 751-52 (1989) (citations omitted); *see also* Revenue Ruling 87-41, 1987 Cum. Bull 296, 298-99.  Each of the foregoing requests seeks documents that will provide factual context to certain of the benefits provided to production workers, and as such are both relevant and likely to lead to the discovery of admissible evidence on plaintiffs' independent contractor theory.  Moreover, to the extent that plaintiffs assert that their paymaster volumes relate to the provision of these benefits and are responsive to defendant's discovery requests, then testimony concerning those paymaster volumes is also relevant and likely to lead to the discovery of admissible evidence.[10]

### E.    Document Management and Retention Policies (Deposition Topics 15 and 16)

Deposition Topics 15 and 16 seek testimony regarding plaintiffs' document management and retention policies and actions taken to preserve evidence relating to their claims.  Plaintiffs have flatly refused to provide a witness to testify as to such matters.

Plaintiffs' document management and retention policies and the extent of their actions taken to preserve evidence are clearly relevant to this action.  And defendant has the right to discover the steps taken by plaintiffs to collect, preserve, and produce relevant documents.  *See, e.g., Newman v. Borders Inc.*, 257 F.R.D. 1, *3 (D.D.C. Apr. 6, 2009) ("That a party's document retention policies . . . may be a fit subject of discovery cannot be gainsaid.  It is equally clear that a party must produce as its 30(b)(6) designee a person who can speak knowingly as to the topic . . . .") (citations omitted); *Breffka & Hehnke GMBH & Co. v. M/V Glorious Success*, 2002 U.S. Dist. LEXIS 20601, at *4 (S.D.N.Y. Oct. 28, 2002) ("if plaintiffs had some doubts about the completeness of this production, they were free to depose a knowledgeable employee . . .

---

[10] Much as with testimony concerning plaintiffs' payroll database, testimony regarding plaintiffs' paymaster volumes has the potential to make third-party discovery more efficient.  Plaintiffs have represented to undersigned counsel that their paymaster volumes also contain information relevant to interpreting the various codes and terms used in the database files.  *See* note 8, *supra*.

concerning document retention practices").  Indeed, plaintiffs recognize as much, having themselves included such topics among those on which they would seek to depose the IRS and its employees.  *See* Ex. C.[11]

### F.    Accountable Plans (Document Requests 16 and 17)

Finally, defendant has also requested that plaintiffs produce documents relating to their alleged accountable plans.  Those requests for production included:

> 16.    Each accountable plan pursuant to which you made any payment that you now contend was erroneously included in the taxable wage base for years 1991 and 1992.

> 17.    Each accountable plan pursuant to which you made any payment that was not included in the taxable wage base for years 1993 through 1996.

Plaintiffs have flatly refused to produce the requested accountable plans, again, offering up only their paymaster volumes.

That plaintiffs' accountable plans are relevant cannot be disputed.  In the March 5, 2009, Joint Status Report (ECF Doc. 136), plaintiffs, under a heading entitled "Per Diem/Accountable Plan," asserted "Plaintiffs believe that the IRS erroneously included amounts attributable to per diem and equipment rental payments made to production workers in its computation of the FICA and FUTA wage bases for the years 1991 and 1992."  (Mar. 5, 2009, JSR at 7.)  Moreover, plaintiffs included such assertions in their claims for refund (*see e.g.* Complaint in Action No. 02-1916T (Exhibit A thereto at A-3 n. 1), and in their complaints (*see e.g. id.* at ¶ 17).  As such, plaintiffs' accountable plans are clearly and indisputably at issue, and plaintiffs' failure to produce such documents is nothing short of an abuse of discovery.

---

[11] Testimony regarding plaintiffs' document management and retention policies the their efforts to preserve documents relevant to this action will significantly aid in the efficient conduct of third party discovery.  To the extent documents requested of third parties exist within plaintiffs' possession, custody or control, plaintiffs, not third parties, should be put to producing such documents.

G.      **Relief From RCFC 30(a)(2)(A)(ii)**

RCFC 30(a)(2)(A)(ii) generally limits to one the number of times a person or party may be deposed.  Defendant respectfully requests that the Court compel the foregoing deposition testimony without prejudice to defendant's ability to take an additional RCFC 30(b)(6) deposition of plaintiffs with respect to the substance of those matters remaining at issue after the Court rules on defendant's anticipated motion for summary judgment.  Such relief is warranted for two basic reasons.

*First*, this Court has entered a schedule whereby defendant is to file its anticipated motion for summary judgment no later than December 18, 2009, well before discovery on the merits of the Aggregation Issue and Independent Contractor Issue are expected to be completed. Deposition Topics 1-4, 6, 7, 15, and 16 are intended to solicit testimony relating to defendant's duty of consistency defense, a potential subject of the anticipated motion for summary judgment. Were this Court to deny defendant relief from RCFC 30(a)(2)(A)(ii), defendant would be placed in the awkward position of either foregoing deposition testimony on those topics, or taking such deposition testimony and risk forfeiting its right to later take testimony with respect to the substance of plaintiffs' claims.

*Second*, certain of defendant's Deposition Topics are likely to substantially assist defendant in conducting more efficient third-party discovery.  For example, Deposition Topics 10-14 seek information vital to fully understanding and utilizing plaintiffs' payroll database files. Plaintiffs have indicated that those payroll database files contain certain information requested of third parties.  Thus to the extent the payroll database may serve as a substitute for documents requested of third parties, enabling defendant to fully understand and utilize those payroll database files will only serve to lessen the number of documents ultimately requested of the third

parties.  Similarly, Deposition Topics 15-16 seek testimony regarding plaintiffs' document management and retention policies and the extent to which plaintiffs preserved documents relating to their claims.  To the extent documents requested from third parties may be retrieved from plaintiffs' files, production of those documents by plaintiffs will substantially lessen any burden imposed on third parties.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court enter an order requiring plaintiffs to produce, no later than December 3, 2009, a witness or witnesses capable of providing RCFC 30(b)(6) testimony on behalf of each of the plaintiffs and compelling plaintiffs to produce all documents responsive to Defendant's Requests For Production Nos. 4, 5, 9, 11-13, and 15-17.  Defendant further respectfully request that such order be entered without prejudice to defendant's ability to take a later RCFC 30(b)(6) of plaintiffs regarding matters remaining at

issue after the Court rules on defendant's anticipated motion for summary judgment.  Finally,

defendant respectfully requests that the briefing schedule on this motion be expedited in light of

the December 18, 2009, deadline for defendant to file its anticipated motion for summary

judgment.

Respectfully submitted,


Dated:  November 16, 2009                   By: *s/Fredrick C. Crombie*

                                            FREDRICK C. CROMBIE
                                            Attorney of Record
                                            U.S. Department of Justice
                                            Tax Division
                                            Court of Federal Claims Section
                                            Post Office Box 26
                                            Ben Franklin Post Office
                                            Washington, D.C.  20044
                                            (202) 305-2165
                                            (202) 514-9440 (facsimile)

                                            JOHN A. DiCICCO
                                            Acting Assistant Attorney General
                                            STEVEN I. FRAHM
                                            Chief, Court of Federal Claims Section
                                            MARY M. ABATE
                                            Assistant Chief
                                            CHRISTOPHER S. DOVE
                                            Trial Attorney
                                            ALLISON ICKOVIC
                                            Trial Attorney


November 16, 2009                   *s/Mary M. Abate*
                                            MARY M. ABATE

                                            *Attorneys for Defendant*

**EXHIBITS**

Exhibit A        Notices of RCFC 30(b)(6) Depositions

Exhibit B        October 26, 2009 Letter from Kent A. Yalowitz to Fredrick C. Crombie.

Exhibit C        October 28, 2009 Letter from Kent A. Yalowitz to Fredrick C. Crombie.

Exhibit D        November 9, 2009 Letter from Kent A. Yalowitz to Fredrick C. Crombie.

Exhibit E        Defendant's [Third] Set of Requests for the Production of Documents

Exhibit F        Plaintiffs' Objections and Responses to Defendant's [Third] Set of
                 Requests for the Production of Documents Dated July 24, 2009

Exhibit G        October 14, 2009 Letter from Steven I. Frahm to Kent Yalowitz, Esq.

Exhibit H        October 16, 2009 Letter from Kent A. Yalowitz to Steven I. Frahm

Exhibit I        November 9, 2009 Letter from Amalia W. Jorns to Fredrick C. Crombie

Exhibit J        October 24, 1997 Request For Technical Advice

Exhibit K        November 2, 2009 Email from Fredrick C. Crombie to Kent Yalowitz

Exhibit L        Email Correspondence between Fredrick C. Crombie and Amalia Jorns

Exhibit M        Transcript of September 2, 2009 Status Conference

Exhibit N        Plaintiffs' Fourth Set of Interrogatories