## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| | ) | |
| Cencast Services, L.P., et al., | ) | |
| | ) | Nos. 02-1916 T, 02-1917 T, |
| Plaintiffs, | ) | 02-1918 T, 02-1919 T, |
| | ) | 02-1920 T, 02-1921 T, |
| v. | ) | 02-1922 T, 02-1923 T, |
| | ) | 02-1924 T, 02-1925 T |
| United States, | ) | |
| | ) | Judge George W. Miller |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' MOTION TO MODIFY PROTECTIVE ORDER

In late October 2009, the parties jointly prepared and mailed subpoenas to 63 non-party

entities seeking records relating to 29 productions.[1]  Since serving the subpoenas, the parties

have had joint meet-and-confers with entities representing 19 of those 27 productions.  A number

of those entities have expressed concern that the subpoenas seek employment records that may

be protected by certain provisions of California law.  Two entities have served formal objections

to the subpoenas on this basis.[2]  To promote the gathering of evidence in these consolidated

actions and to protect the privacy interests at stake, Plaintiffs request that the Court enter an

order (i) finding that the provisions of California law at issue do not provide a basis for

withholding documents; and (ii) modifying the protective order in place in this action (docket

entry 155) to permit it to apply to the employment records at issue.[3]

Subpoena recipients have raised concerns stemming from three provisions of California

law.  The first provision is purely procedural.  California Code of Civil Procedure § 1985.6

---

[1] The transcript of the December 22, 2009 incorrectly identifies the number of non-party entities as 53.  Tr. Dec. 22, 2009, 41:11.

[2] Copies of this motion and the accompanying proposed order are being provided to each of the subpoena recipients who have raised these concerns.

[3] Defendant has informed Plaintiffs that it intends to take no position with respect to this motion.

requires that a party serving a subpoena for the production of employment records must first serve a copy of the subpoena, and supporting documents, upon the employee whose records are sought.  This notice requirement provides the employee with sufficient time to object to the subpoena or, if the employee is a party, to bring a motion to quash.  Cal. Code Civ. Pro. § 1985.6(e), (f).  The other two provisions are more general.  They do not expressly provide any protection from subpoenas, but they do suggest that California has an interest in preserving the privacy of personal information that might be contained in the requested records.  First, Article I, Section 1 of the California Constitution provides that all people have a right to privacy.  Second, California Civil Code § 1798.81.5 provides that businesses that "own" "personal information" must "implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure." "Personal information" is defined to include an individual's name provided together with certain other data elements, such as social security number or driver's license number, "when either the name or the data elements are not encrypted or redacted."  Cal. Civ. Code § 1798.81.5(d)(1).

While the subpoena recipients concerns are understandable, none of these California laws is applicable to the subpoenas issued in this federal court, federal question case.  First, there can be no doubt that the procedural statute, Cal. Code Civ. Pro. § 1985, does not apply here. Plaintiffs have been unable to find a single federal case citing that statute.  This is not surprising as federal, not state, procedural rules apply in all federal actions, even diversity actions.  *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Certainly, California's notice requirement can have no application to a subpoena issued from a

federal court in a federal question case.  Application of a related California notice requirement to a federal subpoena has been expressly rejected.  *See Dornan v. Sanchez*,  978 F. Supp. 1315, 1324 n.11 (C.D. Cal. 1997) ("Hermandad cites California law which requires notice be given to individuals whose bank records have been subpoenaed. . . . These cases, however, base the notice requirement on the California Constitution's right of privacy, not any federal right of privacy.  The election contest at issue is based exclusively on the Federal Contested Elections Act, a federal question to which federal law would apply.") (citations omitted).

Second, as a general matter, state laws on privacy and confidentiality do not create privileges in federal question cases.  *See, e.g.*, *Pearson v. Miller*, 211 F.3d 57, 68 (2d Cir. 2000) (state statutes "providing for duties of confidentiality do not automatically imply the creation of evidentiary privileges binding on [federal] courts"); *General Motors Corp. v. NIOSH*, 636 F.2d 163, 165 (6th Cir. 1980) ("[T]he Ohio [physician-patient confidentiality] statute is not the controlling principle of law here.  This case presents a federal question; the applicability of a privilege must, accordingly, be ascertained by reference to federal statutes and the common law.") (citations omitted); *Nelson v. Snyder*, 1:08-CV-0526, 2009 WL 1362665, at **1-2 (M.D. Pa. May 13, 2009) (citing *Pearson* in holding that Pennsylvania History Record Information Act's prohibition on dissemination of criminal record information did not apply to federal court); *Woodard v. City of New York*, 99-CV-1123, 2000 WL 516890 (E.D.N.Y. March 10, 2000) ("it should be emphasized that New York State law does not govern discoverability and confidentiality in federal civil rights actions") (citations omitted); *Snierson v. Chemical Bank*, 108 F.R.D. 159 (D. Del. 1985) ("Assuming *arguendo* that both the state constitution and the common law of New Jersey create a right to privacy in financial records, such state privileges do not preclude discovery of relevant information in a federal court suit.").

Courts in the Ninth Circuit have had opportunity to apply this rule directly to California privacy rights. *See, e.g.*, *McDougald v. Ramar*, 1:08-cv-238, 2009 WL 3486367, at **1-2 (E.D. Cal. Oct. 23, 2009) ("Defendant's reliance on California law [including, Cal. Const. Art. I, § 1] to support objections of privilege and confidentiality is improper. In federal question cases such as this, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state."); *Thomas v. Hickman*, 1:06-cv-00215, 2007 WL 4302974, at *4 (E.D. Cal. Dec. 6, 2007) (on motion to compel non-parties to comply with subpoena, rejecting the non-parties' "assertion of privacy rights derived from the California constitution because state privilege law does not apply in federal question cases . . . ."); *FTC v. National Claims Service, Inc.*, S 98-283, 1999 WL 819640, at *2 (E.D. Cal. Feb. 9, 1999) ("The NCS also objects to the [subpoenas] on the ground that the request for names and addresses of [third-party] customers . . . violates the individuals' right to privacy under both the California Constitution and federal common law. In a federal question case, federal, not state, law applies."). Therefore, the California privacy provisions do not excuse the recipients from complying with the subpoenas.

However, while state privacy and confidentiality laws are not binding upon federal courts, federal courts do sometimes weigh the interests protected by those statutes and craft measures to limit the imposition on any such legitimate interests. *See, e.g.*, *McDougold*, 2009 WL 3486367, at *2 (noting after rejecting claim of privilege under California and federal privacy law "that any privacy concerns can be addressed by a protective order"); *EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009) ("Thus, the right to privacy [under the California Constitution] is not a recognized privilege or absolute bar to discovery . . . . In this case, any privacy concerns can be addressed with a protective order."); *Nelson*, 2009 WL

1362665, at **1-2 (refusing to apply state law prohibition on dissemination of criminal record information, but holding that the information would be produced under a protective order). *Cf. Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987) (holding that the federal Privacy Act of 1974 does not create a privilege from discovery, but that when permitting discovery of material subject to the Privacy Act, courts must consider the use of measures to limit access to the material, such as a protective order).

In the present case, California law highlights a legitimate privacy interest of individual workers, as well as a legitimate concern of the subpoena recipients.  Therefore, plaintiffs seek a modification to the protective order in place in this action so that it may provide adequate protection for employment records that would elsewhere be protected by California law.

On June 23, 2009, the Court entered a protective order offering two tiers of protection for documents produced in these consolidated actions (docket entry 155) ("Protective Order").  It was contemplated at the time that the subpoena recipients could invoke the lower tier of protection in order to "safeguard proprietary or confidential business information." (Protective Order ¶ 1.)  The higher level of protection for "Highly Confidential Information" was made available only for "private personal information entrusted to plaintiffs." (Protective Order ¶ 2 (emphasis added).)  This higher tier was intended to protect personal data about non-party individuals, such as their contact information, social security numbers, and compensation.  The objections raised by the subpoena recipients indicate that the subpoenas may call for similarly sensitive personal information located in the recipients' employment records.  Therefore, Plaintiffs submit that it is appropriate to modify the protective order in order to allow the subpoena recipients to apply either of these designations to employment records protected by the

California statutes that they invoke.[4]  Extending the full protection of the protective order to such

information is consistent with the purpose of the Protective Order.  It promotes the privacy

interests that California has sought to protect.  And it provides a practical means of addressing

the concerns of the subpoena recipients and advancing the collection of evidence in this matter.

Plaintiffs respectfully request that this Court enter an order (i) finding that California

procedural and privacy laws do not provide a basis for withholding documents within the scope

of the subpoenas issued in connection with this action; and (ii) modifying the terms of the June

23, 2009 Protective Order to permit the Highly Confidential Information designation to be

applied to information that would otherwise be protected by those California provisions.

Respectfully submitted,

ARNOLD & PORTER LLP

By: /s/ Kent A. Yalowitz
Dated:  January 25, 2010                        Kent A. Yalowitz
                                                   Kent.Yalowitz@aporter.com
                                                *Counsel of Record*
                                                Amalia W. Jorns
                                                   Amalia.Jorns@aporter.com
                                                James A. Hobbs
                                                 James.Hobbs@aporter.com
                                                399 Park Avenue
                                                New York, NY 10022-4690
                                                Telephone:  (212) 715-1000
                                                Facsimile:  (212) 715-1399

                                                *Attorneys for Plaintiffs*
                                                *Cencast Services, L.P., et al.*

---

[4]  Plaintiffs proposed modification is attached to this motion.