IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **Cencast Services, L.P., et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Nos. 02-1916 T, 02-1917 T, |
| | ) | 02-1918 T, 02-1919 T, |
| | ) | 02-1920 T, 02-1921 T, |
| v. | ) | 02-1922 T, 02-1923 T, |
| | ) | 02-1924 T, 02-1925 T |
| | ) | |
| | ) | Judge George W. Miller |
| **The United States,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANT TO PRODUCE DOCUMENTS

Plaintiffs hereby move for an order compelling discovery of documents improperly withheld as privileged on the basis of an inadequate privilege log, defendant's second. In the alternative, plaintiffs respectfully request that the Court conduct *in camera* review of these documents to determine whether they are discoverable in this action. Plaintiffs request *in camera* review of the documents at issue because defendant's second privilege log is inadequately detailed and not in conformity with this Court's earlier Opinion and Order, *Cencast Services L.P. v. United States*, Nos. 02-1916T - 02-1925T (Ct. Fed. Cl. Feb. 2, 2010) ("Opinion and Order").

## PROCEDURAL HISTORY

In September 2009, plaintiffs sought relief from this Court from certain of defendant's claims of privilege. After extensive briefing by both parties, the Court issued an Opinion and Order (Ex. A), declaring that one of the thirteen documents was not privileged and ordering its production.

On February 24, 2010, defendant provided a second privilege log (Ex. B).  On February 26, 2010, plaintiffs notified defendant of a number of deficiencies in that privilege log and demanded immediate production of those documents (Ex. C).  Defendant has not responded to that letter, even though depositions of the authors of the documents are scheduled for March 16 and 18.

**ARGUMENT**

RCFC 26(b)(1) requires defendant to produce all information "relevant to  any party's claim or defense . . . ."  RCFC 26(b)(5)(A) states that when a party withholds information, otherwise discoverable, under color of a claim of privilege, the party is required to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . *will enable other parties to assess the claim*." (emphasis supplied).  "The party asserting the privilege bears the burden of establishing its applicability."  Opinion and Order at 5 (citing *AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 456 (2007)).  In deciding that one of the challenged documents was not privileged, this Court drew a distinction between documents that memorialize a client communication with an attorney, which it deemed privileged, and documents that "recount her and other attorneys' views on the significance of certain issues . . ." which are not privileged.  *Id.* at 11-12.  Ultimately, this Court held that defendant's "skeletal" privilege log descriptions complied with RCFC Rule 26(b)(5), but only when combined with *in camera* review.  *See id.* at 5 ("The Court concludes that defendant's privilege log—in combination with the *in camera* review requested by plaintiffs—is adequate . . .").

Defendant's second privilege log is similar to its first log, which was the focus of the Court's Opinion and Order.  It is similarly "skeletal," and on its own, does not comply with RCFC Rule 26(b)(5).  As plaintiffs noted in their February 26th Letter, a total of twenty-six

documents which defendant claims as privileged, are not described in adequate detail as required under RCFC Rule 26(b)(5) because the descriptions suffer from one or more of the following deficiencies:  (1) failure to identify document participants, (2) failure to identify a communication, (3) failure to identify the circumstances surrounding the communication, or (4) failure to substantiate the applicability of the work-product doctrine.  More specifically, plaintiffs have identified these defects in the following entries in the second log:

A.  <u>Failure to Identify Document Participants</u> - Documents AA, AB, AE, AI, BM, BN, BO, BQ, BR, BS, BT, BU, BV, BW, CB, CC, CF, CG, CH

B.  <u>Failure to Identify a Communication</u> - Documents AA, AB, AE, AI, BM, BN, BO, BQ, BR, BS, BT, BU, BV, BW, CA, CD, CE, CF, CG, CH

C.  <u>Failure to Identify Circumstances Surrounding Communication</u> - Documents AA, AB, AE, AI, BM, BN, BO, BQ, BR, BS, BT, BU, BV, BW, CA, CD, CE, CF, CG, CH

D.  <u>Failure to Substantiate Applicability of Work-Product Doctrine</u> - Documents BV, BW, CB, CC

Because defendant has provided only minimal information about the nature of these documents, it has not carried its burden of showing that these documents contain privileged information; on the face of the descriptions, many appear similar to the document this Court determined was not privileged.  *See* Opinion and Order at 11-12.

At minimum, defendant should submit the documents for *in camera* review.

## CONCLUSION

Defendant should produce all non-privileged documents.  To the extent that the Court deems *in camera* review appropriate, plaintiffs request it.

Respectfully submitted,

ARNOLD & PORTER LLP


By: _/s/ Kent A. Yalowitz_____

Dated:  March 9, 2010
    Kent A. Yalowitz
     Kent.Yalowitz@aporter.com
    *Counsel of Record*
    Amalia W. Jorns
     Amalia.Jorns@aporter.com
    399 Park Avenue
    New York, NY 10022-4690
    Telephone:  (212) 715-1000
    Facsimile:  (212) 715-1399

    *Attorneys for Plaintiffs*
    *Cencast Services, L.P., et al.*