# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| _____ | ) | |
| CENCAST SERVICES, L.P., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Nos. 02-1916 T, 02-1917 T, |
| | ) | 02-1918 T, 02-1919 T, 02-1920 T, |
| v. | ) | 02-1921 T, 02-1922 T, 02-1923 T, |
| | ) | 02-1924 T, 02-1925 T |
| THE UNITED STATES, | ) | |
| | ) | Filed March 19, 2010 |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

Pursuant to the Court's orders of February 24, 2010 (docket entry 273) and March 5, 2010 (docket entry 276), the parties participated with the Court in a telephonic status conference on March 18, 2010.  Also participating in the status conference were counsel for non-party subpoena recipients A.K.A. Productions, Inc. and Walt Disney Pictures (collectively, "Disney") and Lucasfilms, Ltd.

The Court solicited the views of the non-party participants with respect to proposed modifications to the protective order entered on June 23, 2009 (docket entry 154) in these consolidated cases.  Counsel for Disney expressed the view that paragraph 18 of the protective order, which permits the filing as part of the public record of redacted versions of documents that are subject to the protective order, could be amended to address her clients' concerns.  The amendment would allow the non-party that produced the document to participate in the review of proposed redactions.  Plaintiffs opposed this suggestion on the ground that it would be unduly burdensome for the parties.  Defendant continued to take no position.

The Court expressed its view that the proposal described above was reasonable in light of the non-parties' interest in maintaining the confidentiality of the documents that they produce in response to subpoenas in this case, including their employees' private information.  The participants discussed proposals to decrease the burden on the parties.  In view of the discussion, the Court **ORDERS** that plaintiffs shall meet and confer with counsel for Disney with a view toward coming to an agreement on an amended paragraph 18 or other vehicle that addresses Disney's concerns and does not impose an unreasonable burden on the parties.  Plaintiffs shall, by **Wednesday, March 24, 2010**, file a revised proposed protective order incorporating the agreed resolution as to documents produced by non-party subpoena recipients.[1]  Plaintiffs shall

---

[1] Counsel for Disney indicated that, due to a scheduled medical procedure, she may be unavailable at some point during the next week, making compliance with the March 24 deadline

provide a copy of their filing to counsel for Disney.

At this point, the non-parties left the call and the Court continued its discussion with the parties regarding discovery and scheduling issues. The Court heard the parties' views on the setting of a firm deadline for the close of discovery relating to the initial set of non-party subpoenas and other initial sample set discovery, including the aggregation and independent contractor issues. Given the parties' continued progress to date and the importance of completing discovery and briefing related to defendant's motion *in limine,* the Court will not set a firm date at this point for the close of discovery. Instead, the Court **FURTHER ORDERS** as follows:

(1) The parties shall submit a joint status report on or before **Friday, April 16, 2010**, apprising the Court of the progress made in resolving defendant's claims of privilege and in completing discovery.

(2) The parties shall participate with the Court in a telephonic status conference on **Tuesday, April 20, 2010 at 10:00 a.m.** to discuss the content of the April 16 joint status report.

(3) If, as indicated during the status conference, plaintiffs conclude that they need to file a motion to compel certain discovery, they shall do so no later than **Tuesday, March 23, 2010**.

(4) The parties shall give priority to accomplishing discovery related to the pending motion *in limine* so as not to interfere with the agreed-upon briefing schedule relating to that motion.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge

---

impracticable. In the event that plaintiffs cannot file a new proposed protective order by March 24, 2010, plaintiffs shall inform chambers, and in any event, shall file a revised proposed protective order by **Thursday, March 25, 2010**.