IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

(Judge George W. Miller)

_____

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T

_____

CENCAST SERVICES, L.P. ET AL,

                          Plaintiffs

v.

THE UNITED STATES,

                          Defendant

_____

DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE COURT'S APRIL 20, 2010, ORDER

_____

On April 20, 2010, the Court entered an Order requiring defendant to produce by Thursday, May 6, 2010, any documents from the personnel files of Robert Jones and Horace Johnson "relating to the shredding of documents as described in plaintiffs' motion, defendant's investigation of the incident, or any related disciplinary action taken as a result of the incident." That Order also permitted defendant to "redact any information other than names from documents contained in the personnel files that would be subject to protection under the Privacy Act, 5 U.S.C. § 552a." Defendant respectfully requests that the Court reconsider its April 20, 2010, Order and instead order and conduct an *in camera* inspection of any potentially responsive documents so that the Court may determine whether the potential value of the documents (if any) outweighs Congress's desire to protect those highly personal federal employee records.

5441663.1

The Privacy Act, 5 U.S.C. § 552a, protects from disclosure "records" and all the information contained therein, subject to certain narrow exceptions:

> (b) Conditions of Disclosure—No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be—
>
> * * *
>
> (11) pursuant to the order of a court of competent jurisdiction; or . . .

Because 5 U.S.C. § 522a protects the entire "record," and not just personal information contained therein, defendant could only comply with both the Court's Order and the Privacy Act by redacting the entire "record" but for names mentioned therein. We do not believe that is what the Court intended.

Moreover, the Privacy Act also requires that the individual to whom the record pertains first be notified of the required disclosure. *See* 5 U.S.C. § 522a(e)(8). Compliance with the notification provision requires that defendant locate and contact Mr. Johnson's widow prior to any disclosure to plaintiffs or the Court. We are in the process of doing so now.

Rather than simply amending its Order, defendant respectfully requests that the Court conduct an *in camera* inspection of any potentially responsive personnel records so that the Court may determine whether the potential value of the documents (if any) outweighs Congress's desire to protect those highly personal federal employee records. As part of that *in camera* review, defendant will provide chambers with both an unredacted copy of responsive personnel records and proposed redacted versions of those records.[1] Defendant suggests that the

---

[1] Defendant contends that the Court should not order the production of the personnel records because the informational value of those records to these actions is nil and vastly outweighed by Congress's desire to protect confidential federal employee data. To the extent the Court requires

5441663.1

Court Order the unredacted and proposed redacted versions of responsive records be provided to chambers no later than Monday, May 10, 2010, after due notice has been provided to Mr. Johnson's widow. Defendant currently anticipates that only two pages each of unredacted and proposed redacted documents will be provided for the proposed *in camera* review.

                                            Respectfully Submitted,

Dated: May 4, 2010                             *s/Fredrick C. Crombie*
                                            FREDRICK C. CROMBIE
                                            Attorney of Record
                                            U.S. Department of Justice
                                            Tax Division
                                            Court of Federal Claims Section
                                            Post Office Box 26
                                            Ben Franklin Post Office
                                            Washington, D.C. 20044
                                            (202) 305-2165
                                            (202) 514-9440 (facsimile)

                                            JOHN A. DiCICCO
                                               Acting Assistant Attorney General
                                            STEVEN I. FRAHM
                                               Chief, Court of Federal Claims Section
                                            MARY M. ABATE
                                               Assistant Chief

Dated: May 4, 2010                             *s/Mary M. Abate*
                                            Mary M. Abate
                                               Of Counsel

                                            *Attorneys for Defendant*

---

the production of versions other than the proposed redacted version, defendant respectfully requests that the Court identify the information required to be produced and the information that may properly be redacted. Such identification of the information may be readily accomplished by reference to field or box numbers.