# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| CENCAST SERVICES, L.P., et al., | ) | |
| Plaintiffs, | ) ) | Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T, |
| v. | ) | 02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) ) | Filed May 10, 2010 |

**ORDER**

      Pursuant to the Court's Order of May 6, 2010 (docket entry 309), the parties participated in a status conference regarding defendant's motion for reconsideration of the Court's April 20, 2010 Order (docket entry 307). The Court clarified that the April 20, 2010 Order (docket entry 300) should be read to order the production of all documents relevant to the shredding of documents as described in plaintiffs' March 23, 2010 motion to compel (docket entry 283), defendant's investigation of the shredding incident, or any related disciplinary action taken as a result of the incident, with the understanding that defendant can redact any private information, excluding names, not relevant to plaintiffs' request.

      After discussion, the parties agreed that the standard to be applied to determine whether the document should be produced is the ordinary discovery standard of relevance. *See Laxalt v. McClatchy*, 809 F.2d 885, 888-89 (D.C. Cir. 1987). In this regard, defendant clarified that its motion for reconsideration seeks to have the Court determine, based upon *in camera* review, whether the documents found in the personnel files are within the categories of documents ordered produced in the April 20, 2010 Order.

      In view of the foregoing, defendant's motion for reconsideration is **GRANTED**. Defendant shall produce to the Court unredacted and redacted copies of the arguably relevant documents defendant has identified in the personnel files by the **close of business, today, Monday, May 10, 2010**. The Court will thereafter review the documents *in camera* and promptly advise the parties as to its decision regarding the relevance of the documents and the adequacy of the redactions.

      **IT IS SO ORDERED.**

      s/ George W. Miller
      GEORGE W. MILLER
      Judge