# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| CENCAST SERVICES, L.P., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Nos. 02-1916 T, 02-1917 T, |
| | ) | 02-1918 T, 02-1919 T, 02-1920 T, |
| v. | ) | 02-1921 T, 02-1922 T, 02-1923 T, |
| | ) | 02-1924 T, 02-1925 T |
| THE UNITED STATES, | ) | |
| | ) | Filed May 11, 2010 |
| Defendant. | ) | |

## ORDER

Pursuant to the Court's Order of May 10, 2010 (docket entry 317), defendant produced two documents from the personnel files of certain IRS employees for *in camera* review. The Court has inspected the documents *in camera* and finds that they are within the categories of documents that the Court ordered produced on April 20, 2010 (docket entry 300).

Defendant has also requested that the Court review its proposed redactions of portions of the two documents. The Privacy Act, 5 U.S.C. § 552a, the statute pursuant to which the information would be redacted, does not create a privilege from discovery. *Laxalt v. McCarthy*, 809 F.2d 885, 888-89 (D.C. Cir. 1987). The ordinary discovery standard of relevance applies even if information is covered by the Privacy Act. *Id.* However, in exercising its discretion, the Court may balance the interests of disclosure with the private interests protected by the Privacy Act, through, for instance, issuance of a protective order. *See Pleasants v. Allbaugh*, 208 F.R.D. 7,12 (D.D.C. 2002) ("[T]hat a document is subject to the Privacy Act does affect the manner in which discovery should proceed. Traditional devices such as protective orders and in camera inspection offer reliable means with which to limit liberal discovery principles.") (internal citation omitted).

In this case, the parties have entered into a protective order that will adequately address the privacy interests of those persons affected by the disclosure. Additionally, nearly all the redactions proposed by defendant cover information that is irrelevant. The Court finds, however, that the information contained in boxes 11 through 13 and 16 through 21 of both documents, while sensitive, appears to be responsive to plaintiffs' discovery request and relevant to the parties' claims or defenses. *See* Rule 26(b)(1) of the Rules of the Court of Federal Claims.

In view of the foregoing, the Court **ORDERS** that defendant shall produce to plaintiffs both documents produced for *in camera* inspection. To protect the privacy interests of the individuals mentioned in the documents, the Court **FURTHER ORDERS** that (1) the

documents shall be designated as "Highly Confidential Information" pursuant to paragraph 2 of the Further Amended Protective Order (docket entry 290-1, March 26, 2010), and (2) defendant shall make the redactions it has proposed, except that, before producing the documents to plaintiffs' counsel, defendant shall not redact the information in boxes 11 through 13 and 16 through 21 of both documents.

Additionally, it is **FURTHER ORDERED** that defendant shall retrieve the documents from the Clerk of Court by **noon on Wednesday, May 12, 2010**.

**IT IS SO ORDERED.**

 s/ George W. Miller
GEORGE W. MILLER
Judge