**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

CENCAST SERVICES, L.P., ET AL.,

                       Plaintiffs,

       v.

UNITED STATES OF AMERICA,

                     Defendant.

Case Numbers: 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T, 02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T

Judge George W. Miller

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S
PRODUCTION OF DOCUMENTS RESPONSIVE TO THE FIFTH REQUESTS**

Plaintiffs respectfully request that the Court issue an order pursuant to RCFC 37(a) compelling Defendant to produce documents responsive to Plaintiffs' Fifth Request for Production (the "Fifth Requests"). Counsel for Plaintiffs certify that they have conferred in good faith with counsel for Defendant but have been unable to resolve this dispute.

**BACKGROUND**

Plaintiffs served the Fifth Requests on January 7, 2010, consisting of four requests for production of documents directed at the 379 sampled production workers. (These are the same production workers who are the subject of the joint subpoenas issued by the Court in October 2009.) The four categories of requested documents are:

1. any tax returns or item of income on a tax return filed by each sampled production worker in a sampled year, including IRS Forms 1040, 1099 and W-2;

2. information related to any IRS examination of the sampled production workers that took place during 1991 through 1996 or involved those workers' 1991 to 1996 returns;

3. all communications between sampled production workers and the IRS

about or during the 1991 to 1996 tax period; and

4. sufficient documentation to show each sampled production worker's current mailing address.

*See* Fifth Requests (Ex. 1 hereto).  During the intervening four months, Defendant has refused to comply with any of these requests.

With respect to Requests No. 1-3, Defendant objected on the grounds that Plaintiffs are not entitled to documents regarding the sampled workers' tax returns, examinations and communications or correspondence with the IRS because the requests are purportedly unduly burdensome, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and seek documents protected from disclosure under 28 U.S.C. § 6103.  Def.'s Objections and Responses to Pl.'s Fifth Requests ("Def.'s Responses") (Ex. 2 hereto) No. 1-3. With respect to Request No. 4, Defendant objects that Plaintiffs are not entitled to documents regarding the sampled workers' mailing addresses because the request is purportedly unduly burdensome and seeks documents available from "commercial resources" or protected under 28 U.S.C. § 6103.  Def.'s Responses No. 4.

Defendant has also refused to comply with the Fifth Requests' instructions concerning Defendant's identification and explanation for documents withheld or which no longer exist. First, Defendant has objected to logging the documents it chooses to withhold under 26 U.S.C. § 6103 because that process would purportedly be unduly burdensome.  Def.'s Responses General Objections ¶ 15.  Second, Defendant has objected to supplying any identification whatsoever of responsive documents that it lost or destroyed.  Def.'s Responses General Objection ¶ 16.

Plaintiffs wrote to and spoke with counsel for Defendant, but have not been able to

resolve the dispute.  *See* Letter to Defendant (3/9/10) (Ex. 3 hereto).

## ARGUMENT

## I.   DEFENDANT'S OBJECTIONS TO THE FIFTH REQUESTS ARE MERITLESS

There can be no serious dispute that the Fifth Requests are within the scope of RCFC 26:

> RCFC 26(b)(1), like its counterpart, Rule 26(b)(1) of the Federal
> Rules of Civil Procedure, permits broad discovery: "Parties may
> obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense." . . . Relevant information
> includes "any matter that bears on, or that reasonably could lead to
> other matter that could bear on, any issue that is or may be in the
> case," and this information "need not be admissible at the trial if
> the discovery appears reasonably calculated to lead to the
> discovery of admissible evidence."

*Jenkins v. United States*, 90 Fed. Cl. 585, 587 (2009) (citations omitted).

### A.   Requests Nos. 1-3 Are Not Barred By § 6103

Defendant's primary objection to Requests Nos. 1-3 is that they seek "tax returns and tax

return information protected from disclosure by 26 U.S.C. § 6103." According to Defendant, tax

return and return information enjoys blanket protection from disclosure under 26 U.S.C. § 6103

because Plaintiffs' independent contractor theory is not "an issue in the proceeding."

Defendant's reliance on § 6103 borders on frivolous.  Section 6103(h)(4)(C) provides, in part:

> A return or return information may be disclosed in a Federal or
> State judicial or administrative proceeding pertaining to tax
> administration . . . if such return or return information directly
> relates to a transactional relationship between a person who is a
> party to the proceeding and the taxpayer which directly affects the
> resolution of an issue in the proceeding.

26 U.S.C. § 6103(h)(4)(C).  As we discuss below, the documents called for by Request Nos. 1-3

directly relate to a transactional relationship between the 379 production workers and the

plaintiffs, and that relationship directly affects the resolution of an issue in this case:  whether

and to what extent a randomly selected sample of the workers to whom plaintiffs made payments

in 1991 to 1996 were or were not common-law employees of anyone. The requested documents are limited to the sample of 379 workers, agreed upon by the parties and approved by the Court.

Defendant's refusal to produce these documents is at odds with controlling case law. The Court of Claims repeatedly recognized that workers' federal income tax returns were relevant to determining common-law employment status, because they show whether the workers "considered themselves self-employed or employees of plaintiff and others during the tax year, whether they paid any self-employment taxes, and where their earnings came from during the period." *L.A.S. Enter., Inc. v. United States*, 213 Ct. Cl. 698, 698-700 (1977); *see also Cory Pools, Ltd. v. United States*, 213 Ct. Cl. 751, 753-54 (1977) ("Plaintiff is entitled to know . . . how [the workers] characterized their relationship with [Plaintiff] on their tax returns" despite the defendant's argument that § 6103 precludes such discovery); *see also Guarantee Mut. Life Ins. Co. v. United States*, No. 77-0-407, 1978 WL 4574 (D. Neb. Aug. 28, 1978) ("A number of courts have faced the same discovery demands as those asserted in the present case, and the decisions have been unanimous in their allowance of disclosure" despite § 6103.). Accordingly, binding authority does not permit defendant to use § 6103 as a shield to avoid discovery of the tax returns called for by the Fifth Requests.

To be sure, the cases have permitted the IRS to redact returns. If defendant chooses to do so, it may redact the returns, but it should be required to produce unredacted copies of each Schedule C (Form 1040), Form SE (Form 1040) or Form 2106 filed by each of the sampled production workers during the sampled years and redacted copies of the tax returns and supplemental information associated with those forms, as well as the Forms 1099 and W-2 for the sampled production workers.

## B.    Requests Nos. 1- 3 Are Designed to Elicit Relevant Documents

The parties and the Court long ago determined that tax information about the 379

sampled production workers is relevant.  The Court is familiar with the history of the joint

document subpoenas on non-parties.  Before the Court issued the joint subpoenas, it expanded

their scope at defendant's request.  *See, e.g.,* Order (9/2/09) (Dkt. No. 189).  During the course of

the production of documents, the Court resolved objections by the non-parties relating to worker

privacy concerns.  *See* Further Revised Protective Order (3/25/10) (Dkt. No. 287).  The service

of subpoenas, negotiations over their scope, and collection of responsive documents has been "a

very large undertaking." Tr. (12/22/09) at 43.  This has been an imposition not only on the

parties, but on strangers to this litigation.

In October 2009, defendant sought the same discovery from plaintiffs that the parties had

demanded in the joint subpoenas and complained repeatedly to the Court about the length of time

it took plaintiffs to produce the documents.  *See* Tr. (12/22/09) at 48-49 (Dkt. No. 245);

Defendant's Status Report (3/17/10) at 2-3 (Dkt. No. 281).  Plaintiffs reviewed nearly 1,000

boxes in response to those requests and have made available more than 300 boxes for production

in response.  Defendant's requests sought, among other things, tax information for the sampled

workers—the very same type of information that it now contends is not relevant.  *See* Def.'s

Fifth Set of Requests for the Production of Documents, dated Oct. 28, 2009 (Ex. 4 hereto)

(requesting copies of Forms 1099 and W-2 for sampled production workers).

At bottom, defendant's argument appears to boil down to a desire to avoid its discovery

obligations in the hope that its motion *in limine* will be granted.  But such treatment would be

contrary to the Court's denial of defendant's request to halt discovery on the independent

contractor sub-issue.  The Court denied defendant's motion for a stay in September 2009.  Order

Case 1:02-cv-01916-GWM   Document 321   Filed 05/14/10   Page 6 of 8

(9/23/09) (Dkt. No. 200). Indeed, as recently as March 19, the Court expressed its view that

discovery regarding the independent contractor sub-issue should be "ongoing." March 19, 2010

Order (Dkt. No. 282).

C.   **Defendant Has Not Made A Proper Objection To Request No. 4.**

Defendant has objected to Plaintiffs' Request No. 4, seeking sufficient documentation to

determine each sampled production worker's current mailing address, on the grounds that such a

production is unduly burdensome and the information might be obtainable from "readily

available commercial resources."

Common sense dictates that it would be a trivial task for the IRS to assemble current

mailing addresses for 379 taxpayers. Defendant has not explained why this is not the case, and

has never described any burden that it might suffer by complying with Request No. 4. If

Defendant cannot in good faith explain its boilerplate burden objection, it should withdraw it.

D.   **Defendant's Objections to Providing Information About Withheld, Lost or Destroyed Documents Is Without Basis.**

Defendant objects to two standard sets of instructions.

*First*, defendant asserts a circular objection that it would be unduly burdensome to

identify the documents that it determines are protected by § 6103. This argument is spurious on

its face, since defendant must review its documents to determine whether it has a good faith basis

to assert § 6103 protection, and the process of logging responsive withheld documents is

ordinary practice under RCFC 26(b)(5)(A). *Cencast Serv., L.P. v. United States*, 91 Fed. Cl.

496, 504 (2010) (discussing the requirements of RCFC 26(b)(5)(A) that privilege logs satisfy);

*Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 498-99 (2009) (finding a privilege log

deficient under RCFC 26(b)(5)(A), and ordering it revised). Indeed, it is only by examining

defendant's log of withheld documents that the Court and plaintiffs may evaluate the validity of

defendant's assertion of protection under the statute.

*Second*, defendant objects to describing documents that the IRS either lost or destroyed

and the surrounding circumstances. If tax returns or return information have been destroyed in

accordance with defendant's document retention policies, those policies should dictate that the

IRS maintain a corresponding record, which should be produced to plaintiffs. If defendant can

successfully avoid producing information regarding relevant and responsive documents that are

no longer in its possession, plaintiffs and the Court will be left with no basis to evaluate the

extent to which defendant has failed to comply with its discovery obligations.

## CONCLUSION

Plaintiffs respectfully request that the Court enter an Order pursuant to RCFC 37(a)

compelling Defendant to comply with Plaintiffs' Fifth Requests, including:

1.  producing copies of each Schedule C (Form 1040), Form SE (Form 1040) or Form 2106 filed by each of the sampled production workers during the sampled years and the tax returns associated with those forms, as well as the Forms 1099 and W-2 for the sampled production workers;

2.  producing all documents concerning any Internal Revenue Service examinations of the sampled workers' employment status between during 1991 to 1996;

3.  producing all documents concerning any communication or correspondence between the Internal Revenue Service and the sampled workers during or concerning 1991 to 1996;

4.  producing documents sufficient to identify each sampled production worker's current mailing address;

5.  identifying any responsive documents withheld along with the reason; and

- 8 -

6.      identifying any responsive documents lost or destroyed along with an explanation of the basis or the surrounding circumstances.

Respectfully Submitted,

Dated:  May 14, 2010

By: /s/ Kent A. Yalowitz
       Kent A. Yalowitz
       *Counsel of Record*
       Amalia Jorns
       Hanna Fox
       ARNOLD & PORTER LLP
       399 Park Avenue
       New York, NY  10022-4690
       Telephone:  (212) 715-1000
       Facsimile:  (212) 715-1399

       James P. Joseph
       ARNOLD & PORTER LLP
       555 Twelfth Street N.W.
       Washington, DC  20004-1206
       Telephone:  (202) 942-5000
       Facsimile:  (202) 942-5999

       *Attorneys for Plaintiffs*
       *Cencast Services, L.P., et al.*