## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Cencast Services, L.P., et al., | ) |
|         Plaintiffs, | ) Nos. 02-1916 T, 02-1917 T, |
| | ) 02-1918 T, 02-1919 T, |
|         v. | ) 02-1920 T, 02-1921 T, |
| | ) 02-1922 T, 02-1923 T, |
| United States, | ) 02-1924 T, 02-1925 T |
| | ) |
|         Defendant. | ) Judge George W. Miller |

### **PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs hereby request defendant to produce for inspection and copying the documents requested herein, within thirty days from the date of this request, at the offices of Arnold & Porter LLP, 399 Park Avenue, New York, New York 10022.

### **DEFINITIONS**

1. The term "documents" shall include (a) any written graphic matter of any kind or character, however produced or reproduced, (b) any electronically or magnetically recorded matter of any kind or character, however produced or reproduced, (c) any other matter of any kind or character constituting the recording upon any tangible medium by any means. The foregoing includes, but is not limited to, all originals and all copies (whether identical or non-identical) of: letters, memoranda, notes, electronic mail messages, forms, diaries, telephone logs, appointment books, desk calendars and similar records of any kind, sound or visual recordings on film, tape, disc, drum or wire, photographs on microfilm or microfiche, telegrams, cables, teletype messages, telecopies, pamphlets, brochures, memorials of telephonic or other oral

communications, notices, bulletins, working papers, or drafts or notes prepared in connection with any of the foregoing, whether or not used at any time.

2.  "Concerning" shall mean constituting, reflecting, identifying, stating, dealing with, relating to, connected with, analyzing, discussing, reporting, commenting on, setting forth, considering, pertaining to, referring to, describing, germane to, or otherwise relevant to the information sought.

3.  The terms "person" or "persons" shall include all natural persons, firms, corporations, foundations, partnerships, associations, joint ventures, trusts, government agencies, and any other incorporated or unincorporated business, governmental or social entities.

4.  The term "sampled production worker" shall mean each production worker selected by Bates White and listed on the compact disc transmitted with plaintiffs' letter of October 7, 2009.

5.  The term "sampled production" shall mean a production for which a sampled production worker performed services or received a payment that was selected by Bates White and listed on the compact disc transmitted with plaintiffs' letter of October 7, 2009.

6.  The term "sampled year" shall mean a year or years in which a sampled production worker performed services or received payments in connection with a sampled production.

7.  "You" or "your" shall mean the Internal Revenue Service or any agency or person acting on its behalf.

## INSTRUCTIONS

1.  Each document request is to be responded to separately and as completely as possible. The fact that discovery is not complete shall not be used as an excuse for failure to respond to each document request as fully as possible at the time of response. The omission of

any document or other item of information from your responses shall be deemed a representation that such document or item is not known to you or your counsel at the time of service of your response.

2. The documents covered by this document request include all documents that are in your possession, or under your actual or constructive custody or control, whether or not such documents were received from or disseminated to any other person or entity including, but not limited to, attorneys, accountants, consultants, employees and agents. A document is deemed to be in your possession, custody or control if it is in the physical custody of the United States or any agency thereof, or if it is in the physical custody of any other person and you (a) own such document in whole or in part, (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms, (c) have an understanding, express or implied, that you may use, inspect, examine or copy such writing on any terms, or (d) have as a practical matter been able to use, inspect, examine or copy such document when you sought to do so.

3. Consistent with the requirements of RCFC 34(b), all documents must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond to each document request set forth below. Documents should be produced in a manner that clearly identifies the person in whose possession the document was found, and the business address of that document's custodian.

4. If an objection is made to any document request, all documents covered by that request but not subject to the objection should be produced.

5. With respect to any document as to which you assert a privilege against discovery, please produce all segregable portions of the document that do not contain information subject to the claim of privilege.

6. With respect to any document or portion thereof which you are withholding based on an assertion that it falls within the scope of an applicable privilege or immunity, please produce at the time and place described above a complete privilege log which identifies each such document and identifies each and every reason for the non-production of that document. The privilege log should identify each such withheld document by stating (1) the nature of the document (e.g., letter, memorandum, notes, etc.), (2) the date on which it was prepared, (3) the date(s) it was sent, (4) the identity and title of all persons who sent the document, (5) the date the document was received, (6) the identity and title of all persons to whom the document was addressed or who received or read copies of the document, (7) the subject matter of the document, and (8) a description of the place where the document is presently kept. In addition, the privilege log should specify for each such document the privilege or other basis asserted for withholding the document from production.

7. With respect to any responsive document which no longer exists, please provide a list indicating (1) the date and number of pages of the document, (2) the nature of the document (e.g., letter, memorandum, notes, etc.), (3) the date on which it was prepared, (4) the date(s) it was sent, (5) the identity and title of all persons who sent the document, (6) the date the document was received, (7) the identity and title of all persons to whom the document as addressed or who received or read copies of the document, (8) the subject matter of the document, (9) the last known location of the document, (10) the last known custodian of the document, and (11) the circumstances under which the document was lost or destroyed.

## REQUESTS

1. For each sampled production worker, all documents concerning any tax return or item of income on a tax return filed by such person for a sampled year, including forms 1040, 1099, and W-2.

2. For each sampled production worker, all documents concerning any Internal Revenue Service examination (a) of any tax return filed by such person during the years 1991 through 1996, or (b) of any tax return of such person examined by the Internal Revenue Service during the years 1991 through 1996.

3. For each sampled production worker, all documents concerning any communication or correspondence between the Internal Revenue Service and such person during the years 1991 through 1996 or concerning the period 1991 through 1996 in any year.

4. For each sampled production worker, documents sufficient to show a current mailing address for such person.

Dated: January 7, 2010

*[signature: Kent A. Yalowitz (by xxx)]*

Kent A. Yalowitz
*Counsel of Record*
Amalia W. Jorns
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY  10022-4690
Telephone:  (212) 715-1000
Facsimile:  (212) 715-1399

James P. Joseph
ARNOLD & PORTER LLP
555 Twelfth Street N.W.
Washington, D.C.  20004
Telephone: (202) 942-5355
Facsimile: (202) 942-5999

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS** to be served this 7th day of January, 2010, by email and United States Mail, first class, postage prepaid, upon:

>Frederick C. Crombie, Esq.
>U.S. DEPARTMENT OF JUSTICE
>Tax Division
>Court of Federal Claims Section
>Room 8610
>555 4th Street NW
>Washington, D.C. 20001

_____
Amalia W. Jorns

Document2