IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

(Judge George W. Miller)

---

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T

---

CENCAST SERVICES, L.P., ET AL,

Plaintiffs

v.

THE UNITED STATES,

Defendant

---

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

---

Pursuant to Rules 26 and 34(b) of the Rules of the United States Court of Federal Claims ("RCFC" or "Rules"), defendant, the United States, hereby responds to and submits its objections to Cencast Services, L.P., et al., ("Cencast") "Fifth Request for Production of Documents," served on January 7, 2010.

### **GENERAL OBJECTIONS**

1.       Defendant objects to the Requests in their entirety on the grounds that they were improperly served without an attached certificate of service.

2.       Defendant objects to the Requests to the extent that they impose a thirty day time limit for production, on the grounds that such a timeframe is unreasonable given the breadth of

- 1 -

5175081.1

plaintiffs' requests and number of production workers and tax years for which documents have been requested.

3.      Defendant objects to the definitions and instructions to the extent that those definitions and instructions are inconsistent with the Rules of the United States Court of Federal Claims or require defendant to provide information which is beyond the scope of permissible discovery.

4.      Defendant objects to the Requests to the extent they seek the production of documents protected by the attorney/client privilege; documents containing the mental impressions, analysis, characterizations of evidence or legal arguments or any other matter protected by the attorney work product privilege; documents protected by the deliberative process privilege; or documents protected by any other privilege applicable under federal law. The inadvertent production of any privileged documents in response to the Requests shall not constitute a waiver of the applicable privilege.  Defendant reserves the right to require the return of any privileged document that is inadvertently produced in response to the Requests.

5.      Defendant objects to the Requests to the extent they seek documents which are not relevant to plaintiffs' refund claim or are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the definition of the term "document" to the extent such definition exceeds the definition of "document" provided in RCFC 34(a)(1) and Federal Rule of Evidence 1001(1).

7.      Defendant objects to the definition of the phrase "sampled production worker" on the grounds that it is overbroad and unduly burdensome to the extent it is intended to include any

- 2 -

5175081.1

production workers not among the 379 sampled production workers selected as the initial sample set of production workers.

8.      Defendant objects to the definition of the phrase "sampled production" on the grounds that the phrase is vague, ambiguous and unduly burdensome.  Plaintiffs have refused to provide defendant with information sufficient to identify the productions on which certain sampled production workers performed services.  Moreover, plaintiffs have admitted they are "unable to identify the specific productions associated with the list of sampled production workers" provided to certain joint subpoena recipients.  (*See* Letter dated Feb. 1, 2010 from A. Jorns to K. Findikyan at 1.)  Defendant further objects to the phrase "sampled production" on the grounds that it is overbroad to the extent it is intended to include any production on which a sampled production worker performed services regardless of whether or not that production was selected for sampling by Bates White.  Defendant interprets the phrase "sampled production" to refer to the production names reflected in the highlighted cells within the "Production Name" column of the spreadsheet attached to the Bates White Memorandum to Kent Yalowitz and Amalia Jorns, dated October 2, 2009.

9.      Defendant objects to the definition of the phrase "sampled year" on the grounds that the phrase is vague, ambiguous and unduly burdensome.  Plaintiffs have refused to provide defendant with information sufficient to identify the year(s) in which a production worker performed services or the years in which a production worker "received payments."  To date, the information provided by plaintiffs is sufficient to allow defendant to indentify only the year in which plaintiffs generated a job cost file relating to a particular production worker and production combination.  Defendant interprets the phrase "sampled year" to refer to any year in

- 3 -

which the payroll database produced by plaintiffs reflects a job cost file relating to a sampled production worker and production combination.

10.     Defendant objects to the definition of the terms "you" or "your" on the grounds that the phrase "or any agency or person acting on its behalf" is vague and ambiguous in the context in which it is used.

11.     Defendant objects to the Instructions on the grounds that certain of those "Instructions" are contradictory to one another.  Defendant cannot resolve the contradictions amongst plaintiffs' various "Instructions" many of which are unreasonable, unduly burdensome and vague and ambiguous.

12.     Defendant objects to Instructions paragraph 1 on the grounds that it is directly contradicted by Instructions paragraph 3.  Defendant further objects to Instructions paragraph 1 to the extent that it states "[t]he omission of any document or other item of information from your responses shall be deemed a representation that such document or item is not known to you or your counsel at the time of service of your response."  Defendant's response to these requests is strictly limited to those matters expressly set forth in its objections and responses, and plaintiffs may not unilaterally read into such objections and responses matters and/or information not set forth therein.

13.     Defendant objects to Instructions paragraph 2 on the grounds that it is overbroad and unduly burdensome to the extent it requires the production of documents within the possession, custody, or control of "the United States or any agency thereof" or "any other person."  To the extent defendant does not object to the Requests, defendant will search for and produce those documents within the possession, custody and control of the Internal Revenue Service.

- 4 -

5175081.1

14.     Defendant objects to Instructions paragraph 3 on the grounds that it is directly contradicted by Instructions paragraph 1.  Defendant further objects to Instructions paragraph 3 on the grounds that the first and second sentences thereof are directly contradictory to one another.

15.     Defendant objects to Instructions paragraph 6 on the grounds that it is unduly burdensome to the extent it would require defendant to log each and every document protected from disclosure pursuant to 26 U.S.C. § 6103.  The Requests seeks untold amounts of data all of which is currently subject to the protections of 26 U.S.C. § 6103.

16.     Defendant objects to Instructions paragraph 7 on the grounds that it is unduly burdensome and harassing to the extent it purports to require defendant to log documents that "no longer exist."  As a simple matter of common sense, defendant will be unable to provide most, if not all, of the requested information with respect to documents that "no longer exist."

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

For each sampled production worker, all documents concerning any tax return or item of income on a tax return filed by such person for a sampled year, including forms 1040, 1099, and W-2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant incorporates each of its General Objections as if set forth fully herein. Defendant further objects to the Request on the grounds that it is unduly burdensome.  Defendant is currently attempting to assess the time and expense involved in responding to the Request, and reserves its right to further explain the foregoing undue burden objection. Defendant further objects to the Request on the grounds that it is overbroad and not reasonably calculated to lead to

- 5 -

5175081.1

the discovery of admissible evidence to the extent that it seeks documents irrelevant to any factor which may tend to inform the production worker's employment status. Defendant further objects to the Request on the grounds that the phrases "any tax return" and "item of income on any tax return" are vague and ambiguous in the context in which they are used. Defendant further objects to the Request on the grounds that it seeks the production of tax returns and tax return information protected from disclosure by 26 U.S.C. § 6103. For the reasons stated in defendant's Motion *In Limine*, filed on January 15, 2010, the Court lacks jurisdiction over plaintiffs' independent contractor theory. Absent a determination by the Court that it possesses such jurisdiction, plaintiffs' independent contractor theory is not "an issue in the proceeding" and the requested returns and return information may not be disclosed pursuant to 26 U.S.C. § 6103(h)(4)(C). Moreover, as currently drafted the request seeks the production of returns and return information not pertaining to the sampled payments. Returns and return information not directly related to the sampled payments does not qualify for disclosure pursuant to 26 U.S.C. § 6103(h)(4)(C).

## REQUEST FOR PRODUCTION NO. 2:

For each sampled production worker, all documents concerning any Internal Revenue Service examination (a) of any tax return filed by such person during the years 1991 through 1996, or (b) of any tax return of such person examined by the Internal Revenue Service during the years 1991 through 1996.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendant incorporates each of its General Objections as if set forth fully herein. Defendant further objects to the Request on the grounds that it is unduly burdensome. Defendant is currently attempting to assess the time and expense involved in responding to the Request, and

5175081.1

reserves its right to further explain the foregoing undue burden objection. Defendant further objects to the Request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents irrelevant to any factor which may tend to inform the production worker's employment status. Defendant further objects to the Request on the grounds that the phrases "Internal Revenue Service examination," "any tax return," and "examined by the Internal Revenue Service" are vague and ambiguous in the context in which they are used. Defendant further objects to the Request on the grounds that it is nonsensical as written; defendant cannot resolve the first clause of the Request with sub-item (b). Defendant further objects to the Request on the grounds that it seeks the production of tax returns and tax return information protected from disclosure by 26 U.S.C. § 6103. For the reasons stated in defendant's Motion *In Limine*, filed on January 15, 2010, the Court lacks jurisdiction over plaintiffs' independent contractor theory. Absent a determination by the Court that it possesses such jurisdiction, plaintiffs' independent contractor theory is not "an issue in the proceeding" and the requested returns and return information may not be disclosed pursuant to 26 U.S.C. § 6103(h)(4)(C). Moreover, as currently drafted the request seeks the production of returns and return information not pertaining to the sampled payments. Returns and return information not directly related to the sampled payments does not qualify for disclosure pursuant to 26 U.S.C. § 6103(h)(4)(C).

- 7 -

5175081.1

**REQUEST FOR PRODUCTION NO. 3:**

For each sampled production worker, all documents concerning any communication or correspondence between the Internal Revenue Service and such person during the years 1991 through 1996 or concerning the period 1991 through 1996 in any year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant incorporates each of its General Objections as if set forth fully herein. Defendant further objects to the Request on the grounds that it is unduly burdensome. Defendant is currently attempting to assess the time and expense involved in responding to the Request, and reserves its right to further explain the foregoing undue burden objection. Defendant further objects to the Request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents irrelevant to any factor which may tend to inform the production worker's employment status. Defendant further objects to the Request on the grounds that it seeks the production of tax returns and tax return information protected from disclosure by 26 U.S.C. § 6103. For the reasons stated in defendant's Motion *In Limine*, filed on January 15, 2010, the Court lacks jurisdiction over plaintiffs' independent contractor theory. Absent a determination by the Court that it possesses such jurisdiction, plaintiffs' independent contractor theory is not "an issue in the proceeding" and the requested returns and return information may not be disclosed pursuant to 26 U.S.C. § 6103(h)(4)(C). Moreover, as currently drafted the request seeks the production of returns and return information not pertaining to the sampled payments. Returns and return information not directly related to the sampled payments does not qualify for disclosure pursuant to 26 U.S.C. § 6103(h)(4)(C).

5175081.1

**REQUEST FOR PRODUCTION NO. 4:**

For each sampled production worker, documents sufficient to show a current mailing address for such person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant incorporates each of its General Objections as if set forth fully herein. Defendant further objects to the Request on the grounds that it is unduly burdensome. Defendant further objects to the Request to the extent it seeks information that plaintiffs may obtain on their own from readily available commercial resources. Defendant further objects to the Request on the grounds that it seeks the production of tax return information protected from disclosure by 26 U.S.C. § 6103.

Respectfully submitted,

February 16, 2010

FREDRICK C. CROMBIE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 305-2165

JOHN A. DiCICCO
    Acting Assistant Attorney General
STEVEN I. FRAHM
    Chief, Court of Federal Claims Section
MARY M. ABATE
    Assistant Chief

February 16, 2010

MARY M. ABATE
Of Counsel

- 9 -

5175081.1

## CERTIFICATE OF SERVICE

I certify that service of DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'

FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS, has, this 16th day of February,

2010, been made on plaintiffs' counsel by email and by mailing the original version thereof, in a

postage prepaid envelope, to the following address:

> Kent Yalowitz, Esq.
> Arnold & Porter LLP
> 399 Park Avenue
> New York, NY  10022

> Fredrick C. Crombie
> Trial Attorney
> Court of Federal Claims Section

- 10 -

5175081.1