# ARNOLD & PORTER LLP

**Amalia W. Jorns**
Amalia.Jorns@aporter.com

212.715.1300
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

March 9, 2010

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Fredrick C. Crombie
U.S. Department of Justice, Tax Division
Court of Federal Claims Section
Room 8610
555 4th Street, N.W.
Washington, D.C. 20001

      Re:   *Cencast Services, L.P. v. United States*,
             Nos. 02-1916 T through 02-1925 T

Dear Fred:

      I write concerning defendant's February 16, 2010 objections and responses to plaintiffs' fifth request for the production of documents. Defendant's objections do not present a valid basis to refuse to produce documents pursuant to RCFC 26. For the reasons outlined below, we ask that you reconsider your objections and begin producing documents promptly.

      **1. Objections to General Instructions.** With respect to paragraph 6, you stated that it would be unduly burdensome to provide information on the documents you will not produce as protected by 26 U.S.C. § 6103. This leaves plaintiffs with no basis to determine what documents are in your possession let alone to evaluate your assertion that they are protected by 26 U.S.C. § 6103. Plaintiffs ask that you (1) describe each category of tax return and return information in your possession responsive to these requests by IRS form number or type of document, and (2) explain the basis for your assertion that each category is protected by 26 U.S.C. § 6103.

      Paragraph 7 instructs defendant to describe any documents that no longer exist and the circumstances under which they were destroyed. You object to this instruction as unduly burdensome and harassing and assert that it defies common sense. Discovery in this case has already revealed that the IRS maintained detailed records relating to the documents that the IRS claims were shredded during the examination of plaintiffs'

# ARNOLD & PORTER LLP

Fredrick C. Crombie
March 9, 2010
Page 2

employment tax returns. In addition, if tax returns or return information have been destroyed in accordance with the IRS's document retention policies, the IRS should maintain a record of that fact. Again, without adequate information about the documents that are no longer in defendant's possession, plaintiffs are left with no basis to evaluate whether defendant has complied with its discovery obligations. For any documents that are no longer in existence, please provide the requested information as described in paragraph 7 of plaintiffs' general instructions.

**2. Responses to Requests for Production Nos. 1, 2 and 3.** Plaintiffs' Request No. 1 seeks any tax returns or item of income on a tax return filed by each sampled production worker in a sampled year, including IRS Forms 1040, 1099 and W-2. Request No. 2 seeks information related to any IRS examination of the sampled production workers that took place during 1991 through 1996 or involved those workers' 1991 to 1996 returns. Finally, Request No. 3 seeks all communications between sampled production workers and the IRS about or during the 1991 to 1996 tax period. Among other things, defendant objects to plaintiffs' requests because they seek "tax returns and tax return information protected from disclosure by 26 U.S.C. § 6103." You assert that the tax return and return information sought is protected because plaintiffs' independent contractor theory is not "an issue in the proceeding" under 26 U.S.C. § 6103(h)(4)(C). In addition, you state that you will not provide documents in response to these requests because they seek tax return and return information "not directly related to the sampled payments." Plaintiffs disagree with your interpretation of I.R.C. § 6103.

Your assertion that the court lacks jurisdiction over the plaintiffs' independent contractor theory is not a valid basis for withholding documents under RCFC 26. Whether certain of the workers to whom plaintiffs made payments in 1991 to 1996 were independent contractors is one of the central issues in this case. Discovery is ongoing regarding the independent contractor issue, and the court has repeatedly rejected your requests to stay discovery on this issue pending resolution of your motion. Consequently, both parties have sought discovery from third parties concerning the independent contractor issue. And your own discovery requests to plaintiffs seek similar information on the sampled production workers. See Defendant's Fifth Set of Requests for the Production of Documents, dated Oct. 28, 2009 (requesting copies of Forms 1099 and W-2 for sampled production workers). Plaintiffs are working diligently to locate and produce documents responsive to those requests, yet your response suggests that defendant is not obligated to do the same under a strained interpretation of I.R.C. § 6103.

Furthermore, this information is directly related to the issue of whether these sampled production workers are independent contractors, as the Court of Claims recognized in L.A.S. Enterprises, Inc. v. United States, 213 Ct. Cl. 698 (1977). Plaintiffs

# ARNOLD & PORTER LLP

Fredrick C. Crombie
March 9, 2010
Page 3

seek tax return and return information for the sampled production workers during the sampled years in order to establish that certain of these workers were independent contractors for whom no employment taxes were owed. Information on whether these sampled workers "considered themselves self-employed or employees of plaintiff and others during the tax year, whether they paid any self-employment taxes and where their earnings came from during that period" is both relevant and integral to resolution of this issue and therefore falls under the I.R.C. § 6103(h)(4)(C) exception. Id. at * 1; see also Cory Pools, Ltd. v. United States, 213 Ct. Cl. 751 (1977); Guarantee Mutual Life Co. v. United States, Civil No. 77-0-407, 1978 WL 4574 (D. Neb. Aug. 28, 1978). Plaintiffs therefore request that the defendant produce copies of each Schedule C (Form 1040), Form SE (Form 1040) or Form 2106 filed by each of the sampled production workers during the sampled years and the tax returns associated with those forms, as well as the Forms 1099 and W-2 for the sampled production workers. Plaintiffs further request any documents related to an IRS examination of a sampled worker's employment status during the years at issue in this case.

**3. Response to Request for Production No. 4.** You object to plaintiffs' request for sufficient documentation to show each sampled production worker's current mailing address in part because you claim it is unduly burdensome and because this information can be obtained from "readily available commercial resources." You have not explained why it would be unduly burdensome for the IRS to produce the current mailing addresses of the sampled production workers. Plaintiffs therefore have no basis to evaluate your claim of burden or whether that information could be obtained from other sources more conveniently or with less burden. We request that you provide further information on the burden you claim is associated with gathering this information.

Finally, enclosed for your files is a copy of the certificate of service for plaintiffs' fifth request for the production documents. My practice is to certify that a document has been served after I have served it.

Sincerely,

*Amalia W. Jorns* (signature)

Amalia W. Jorns

Enclosure

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS** to be served this 7th day of January, 2010, by email and United States Mail, first class, postage prepaid, upon:

> Frederick C. Crombie, Esq.
> U.S. DEPARTMENT OF JUSTICE
> Tax Division
> Court of Federal Claims Section
> Room 8610
> 555 4th Street NW
> Washington, D.C. 20001

_____
Amalia W. Jorns