IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

(Judge George W. Miller)
_____

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T
_____

CENCAST SERVICES, L.P. ET AL,

Plaintiffs

v.

THE UNITED STATES,

Defendant
_____

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION TO COMPEL**
_____

**I.   INTRODUCTION**

Plaintiffs seek to compel the production of information relating to the 379 production workers chosen as a sample to be examined in order to test plaintiffs' theory that some of these workers were actually independent contractors. Specifically, plaintiffs seek:

1. any tax returns or item of income on a tax returns filed by each sampled production worker in a sampled year, including IRS Forms 1040, 1099 and W-2;

2. information related to any IRS examination of the sampled production workers that took place during 1991 through 1996 or involved those workers' 1991 through 1996 tax returns;

3. all communications between sampled production workers and the IRS about or during the 1991 to 1996 tax period; and

- 1 -

4. sufficient documentation to show each sampled production worker's current mailing address.

Defendant objected to these requests as being overly broad, unduly burdensome, and seeking information protected by § 6103. In addition, defendant objected because these requests relate to plaintiffs' independent contractor theory, which defendant believes is not properly before the Court. Plaintiffs now seek to compel the production of the information requested.

## II.  PLAINTIFFS REQUEST CONFIDENTIAL INFORMATION THAT IS IRRELEVANT AND UNNECESSARY

Plaintiffs' requests seek a wide swath of private information, much of which is completely unnecessary for even the purpose plaintiffs have stated. Plaintiffs seek the returns,[1] schedules and other documentation from all 379 sampled workers, as well as a log identifying responsive documents that are withheld along with reasons; and a log identifying any lost or destroyed documents including a description of the basis or surrounding circumstances. They argue that this information is relevant to whether the selected workers to whom plaintiffs made payments were not common-law employees of anyone. (Pls. Mot. at 3-4.)

### a.  Plaintiffs' requests, and its motion to compel, are premature

Defendant has moved *in limine* to exclude consideration of plaintiffs' independent contractor theory because the Court lacks jurisdiction over it. (*See gen.* Def. Motion *In Limine*; Def. *In Limine* Reply.) However, even with briefing on the motion *in limine* almost at its conclusion, plaintiffs continue to file motions regarding discovery on this issue, repeatedly putting the cart before the horse. The briefing of the instant motion to compel the production of

---

[1] Plaintiffs' requests are so broad that they do not even limit their requests for the workers' returns to income tax returns. Therefore, for example, an estate tax return filed during the sampled year by a worker as executor of the estate of their parent would be required to be produced should plaintiffs' motion be granted.

documents, when a ruling on excluding this evidence is in sight, is entirely premature and unnecessary. Far more premature and unnecessary would be actually searching for, reviewing, and producing these documents or a portion thereof. If the Court excludes plaintiffs' independent contractor theory from the case, that effort would have been for naught.

The Court has not yet determined whether it has jurisdiction to entertain plaintiffs' claims regarding the workers' employment status; plaintiffs have asked the Court to consider this new issue, and defendant has objected. In their motion, plaintiffs allege that the Court of Claims has "repeatedly" found that some information on workers' tax returns was relevant but plaintiffs were able to find only two such cases, and in those cases the information was found relevant to determining the employment status of those workers — an issue not currently pending before this Court. *L.A.S. Enters., Inc. v. United States*, 213 Ct. Cl. 698, 1977 WL 9675, *1 (1977) (suit to recover employment taxes for 119 mechanics plaintiff believed were independent contractors and not employees); *Cory Pools, Ltd. v. United States*, 213 Ct. Cl. 751, 1977 WL 9583, *1 (1977). Even where discovery of this sort is granted, it is only granted the appropriate stage of the litigation when the information is necessary. *See Cory Pools, Ltd.*, 1977 WL 9583, at *1 (finding that discovery only necessary to the quantum stage should not be allowed to proceed during the liability stage); *see also Guar. Mut. Life Comp.*, 1987 WL 4574, at *3 (calling request that would be moot if plaintiff were to succeed at the liability stage, "wasteful" until liability is determined).

To require the IRS to devote the substantial resources that would be required to find, review, produce, and log all of the information plaintiffs request, when the imminent determination on variance could moot the issue, would place an unnecessary burden on government resources.

### b. Plaintiffs' requests seek information protected by § 6103

Section 6103 provides a general rule that "returns and return information shall be confidential, and except as authorized by this title, . . . no officer or employee of the United States, . . . shall disclose any return or return information." § 6103(a)(1). "Return information" is defined broadly and includes a taxpayer's identity, income, payments, whether his return was examined, any information provided to the IRS with respect to a return, and any background file document relating to a written determination. *See* 26 U.S.C. § 6103 (b). Violations of § 6103 are punishable by a fine and or imprisonment. *See* 26 U.S.C. § 7213 (b). Plaintiffs do not, nor can they seriously, contend that the information they seek is not covered by § 6103. Rather, they argue that this information falls into an exception, allowing for the disclosure of information that "directly relates to a transactional relationship between a person who is a party to the proceeding and the tax payer which directly affects the resolution of an issue in the proceeding." 26 U.S.C. § 6103(h)(4)(C). As stated previously, the issue of the workers' employment status is not currently before the Court, and therefore, should the Court decline to consider this issue, this exception would not apply to any of the information plaintiffs seek to compel. However, even if the Court ultimately determines that it does have jurisdiction to hear this issue, plaintiffs' requests still far exceed the allowable disclosures.

### c. Plaintiffs' requests are overly broad

Even in the cases in which the employee/independent contractor issue is central, courts do not order disclosure of this broad scope of material. Even in the few cases that plaintiffs were able to unearth, the courts noted the necessity to "give plaintiff all it need[s] without causing an unnecessary invasion of the [workers'] tax returns' confidentiality." *L.A.S. Enters., Inc. v. United States*, 213 Ct. Cl. 698, 1977 WL 9675, *1 (1977). "A clear policy in favor of the

privacy of the individual exists under the Internal Revenue Code.  The Court must balance the countervailing policies of liberal discovery and privacy in its determination of the exact parameters of allowable discovery under § 6103."  *Guar. Mut. Life Comp.*, 1987 WL 4574, at *3.[2]

Courts are careful to narrowly tailor the disclosures they order to ensure that only necessary information is disclosed.  In *Farm & Home*, a taxpayer sought the disclosure of 116 individual tax returns from the tax years 1972 and 1973 in order to glean information from those returns regarding whether those individuals considered themselves to be self-employed during those years.  *See Farm & Home Aluminum Prods., Inc. v. United States*, 211 Ct. Cl. 291, 1976 WL 3812, * 1 (1976).  This Court's predecessor denied plaintiff's request for the returns, instead accepting the government's suggestion that it produce a chart indicating whether each of the individuals filed a Form 1040SE, and whether any of these individuals described their employment status "in a manner which would lead to the conclusion that the individual considered himself employed or self-employed."  *Id.*  In addition, defendant was to provide the Court with the returns themselves, for *in camera* review to check the accuracy of the schedule.  *Id.*  The Court found that this schedule would "provide the relevant information which plaintiff is entitled to discover without requiring an unnecessary disclosure of material contained in the individual tax returns."  *Farm & Home Aluminum Prods., Inc.*, 1976 WL 3812, * 1.  *See also Confidential Informant v. United States*, 45 Fed. Cl. 556, 558 (2000) ("an entire tax return should

---

[2] One way courts are respectful of this balance is by only allowing discovery of this sort during the stage of litigation in which it is necessary.  *See Cory Pools, Ltd.*, 1977 WL 9583, at *1 (finding that discovery only necessary to the quantum stage should not be allowed to proceed during the liability stage); *see also Farm & Home Aluminum Prods., Inc. v. United States*, 211 Ct. Cl. 291, 1976 WL 3812, * 1 (1976) (ordering preparation of a schedule of amounts paid only if defendant prevails).  As discussed above, plaintiffs' requests are premature, and therefore disclosure at this stage of the litigation is not justified by need.

5647782.2

not be disclosed if parts of the return will provide information needed by the party requesting discovery") (internal quotation omitted)).

### 1. Plaintiffs' request for workers' tax returns and attachments is overly broad

Plaintiffs acknowledge only that redactions may need to be made to the workers' 1040 forms, but insist that the returns be produced in redacted form, and that the redactions be logged. However, in all three of the cases plaintiff cite in their motion, the courts rejected plaintiff's requests for disclosure of the workers' tax returns. *See Cory Pools, Ltd.*, 1977 WL 9583, at *3; *L.A.S. Enters., Inc.*, 1977 WL 9675, *2; *Guar. Mut. Life Comp.*, 1987 WL 4574, at *3. In *Cory Pools*, the Court sent the discovery requests back to the Trial Judge, allowing plaintiff the opportunity to amend its request for third party tax returns "to seek the release of information allowed to be discovered under *Farm & Home*." *Cory Pools, Ltd.*, 1977 WL 9583, at *3. The Court in *L.A.S. Enterprises* also denied plaintiffs' request for disclosure of the workers' tax returns, ordering the government instead to produce the schedule and allow the *in camera* review provided for in *Farm & Home*. *L.A.S. Enters., Inc.*, 1977 WL 9675, *2. The last case plaintiffs cite explicitly states that "Form 1040 itself shall not be disclosed, as relevant information contained therein can be gleaned from the materials produced." *Guar. Mut. Life Comp.*, 1987 WL 4574, at *3 (ordering that only certain schedules to the workers' 1040's be produced, noting that "no duty to produce" would exist if an individual had not filed some or all of the forms).

Plaintiffs also seek un-redacted versions of Schedule C (Form 1040), Form SE (1040), or Form 2106 for each sampled worker during the sampled year.[3] Because of the nature of the entertainment industry, these workers may have had many jobs over the course of a year, and

---

[3] Defendant assumes that when plaintiff refers to "sampled year," it means that the request is limited to the year or years for which that particular worker is sampled. If this was not plaintiffs' intent, defendant requests that plaintiffs' requests be narrowed in this manner.

- 6 -

plaintiffs have not limited their requests in any way to only seek information relating to the worker's relationship with a plaintiff-entity. Therefore, these requests will cover a large amount of information pertaining to completely irrelevant work.

In addition to the returns and schedules, plaintiffs seek disclosure of any supplemental information filed with the sampled workers' tax returns. They do not limit this request to information that bears on the employment relationship between the worker and one of the plaintiff companies. This request could cover information relating to a workers' health, net worth, or a multitude of other confidential topics that are entirely irrelevant to plaintiffs' theory.

**2. Plaintiffs' requests for information beyond the workers' tax returns seek irrelevant and private taxpayer information**

Plaintiffs do not just seek the tax returns of these workers— a request that courts have routinely denied —they seek a host of additional confidential information without explaining the relevance or need for this information at all. Plaintiffs seek information relating to the examination of these workers and communications and correspondence between the IRS and the workers. Although plaintiffs have limited their requests for the returns and attachments to cover only the year for which the worker was sampled, their other requests seek information for each worker from the years 1991 to 1996. Each worker was sampled for only specific work that took place during a specific year or years; plaintiffs have not explained how information from years for which the worker was not sampled is relevant. In requesting communications between the IRS and the workers, plaintiffs seek communications "about *or* during 1991 through 1996." (Pls. Mot. at 2 (emphasis added).) Therefore, communications that took place between 1991 and 1996, no matter the year to which they relate, would have to be produced pursuant to plaintiffs' requests. This would include not only communications that relate to tax years for which the worker wasn't sampled, but also tax years that are not even covered by the assessments at issue

in this case. This problem is also present in plaintiffs' request for information that relates to examinations of the years 1991 through 1996, or examinations that *took place* during those years, no matter the year to which they relate.

Plaintiffs also fail to limit these requests to examinations or communications that pertain to their employment relationship with a plaintiff-entity, or even limit it to examinations or communications relating to income tax. Again, a plethora of extremely personal and confidential information could be covered under plaintiffs' requests and plaintiffs have not demonstrated how it would be relevant. For example, the fact that a taxpayer's return was examined by the IRS is itself "return information," and therefore it cannot be disclosed unless it directly relates to a transactional relationship at issue in the case. *See* § 6103(b); § 6103(h)(4)(C). Plaintiffs have failed to provide any precedent for such disclosures.

### 3. The IRS does not, and cannot, provide addresses as a service to litigants

Plaintiffs also ask that defendant provide them with documents sufficient to determine the workers' current mailing addresses. Plaintiffs cite "common sense" for support in their assertion that it would not be burdensome for the IRS to compile a list of the current addresses of the 379 workers. There is no "common sense" exception to § 6103. Moreover, the requested contact information would most likely have to be collected from the workers' most current tax returns, which under no scenario could be considered "directly related" to this ligation. § 6103(h)(C). In addition, pulling these documents together would require the devotion of IRS personnel to retrieve and sift through taxpayer records even though the information is readily available from commercially search engines and databases.

The taxpayers' "most recent contact information" is clearly covered by § 6103. "The underlying intent of section 6103 is 'to prevent the Service from indiscriminately disclosing

information it obtains from and about taxpayers.'" *Confidential Informant*, 45 Fed. Cl. at 558 (quoting Michael I. Saltzman, *IRS Practice and Procedure* ¶ 4.06, at 4-57). Even Department of Justice employees, litigating cases on behalf of the IRS do not, and cannot, use the IRS as a source for mailing addresses for parties they wish to locate in connection with litigation. In fact, DOJ attorneys regularly use commercial search engines such as Lexis to locate third parties.

### d.  Creation and Production of a Log Would Be Unduly Burdensome

Lastly, plaintiffs' requests are unduly burdensome as they request detailed logs of any information that is not produced because it is covered by § 6103, is lost or was destroyed. Section 6103 is not a privilege, and therefore, not subject to the RCFC provisions requiring litigants to log information that it withheld on the basis of privilege. Rather, § 6103 is a statutory prohibition on the production of such information. Plaintiffs can cite no case in which this Court has required the government to log information protected from disclosure pursuant to § 6103. Courts merely provided for the disclosure of only that information that was necessary for the litigation, and was therefore excepted from the rule. Indeed, in some instances the act of logging a document might itself improperly disclose taxpayer information in violation of § 6103. For example, a notice sent to a taxpayer stating that their return was being opened for audit, if logged, would disclose the very information protected by § 6103.

### III.  CONCLUSION

Plaintiffs' requests are premature and entirely overbroad. They do not respect the confidential nature of the information they seek, and are not targeted to extract only that information that is necessary to their claims. Therefore, plaintiffs have not demonstrated any need for this information at this stage in the litigation, nor have they demonstrated that all of the information they seek is covered by an exception to § 6103. The fact that these production

workers have been sampled for work on a particular production during a year in which they may have worked on dozens of productions, and may have received income from multiple sources, presents unique circumstances that will require careful consideration and balancing by the Court, in the event that it determines that it has jurisdiction over plaintiffs' independent contractor theory.

          Respectfully Submitted,

Dated:  June 25, 2010      By:   *s/Fredrick C. Crombie*
          FREDRICK C. CROMBIE
          Attorney of Record
          U.S. Department of Justice
          Tax Division
          Court of Federal Claims Section
          Post Office Box 26
          Ben Franklin Post Office
          Washington, D.C.  20044
          (202) 307-6580
          (202) 514-9440 (facsimile)

          JOHN A. DiCICCO
             Acting Assistant Attorney General
          STEVEN I. FRAHM
             Chief, Court of Federal Claims Section
          MARY M. ABATE
             Assistant Chief

Dated: June 18, 2010        *s/Mary M. Abate*
          Mary M. Abate
             Of Counsel

          *Attorneys for Defendant*